PHILIP WHITE et al., Appellants, *v.* JOHN H. WILLIAMS, Respondent.

Defendant agreed to convey to plaintiffs a house and lot in the city of New York. In the description contained in the contract, the lot was stated as "being in depth, on Clinton street, 120 feet, including the stable situated on the rear of said premises." He executed and delivered a deed to carry out the agreement, which followed the description contained therein, except omitting any reference to the stable. It was supposed, at the time of the execution of the contract and deed, that the stable was upon the 120 feet, but subsequently it was discovered that, in order to include the stable, the lot should be 131 feet and ten inches deep. In an action brought by plaintiffs for specific performance,—*Held*, that under the well-settled rule that, in the construction of grants, courses and distances must yield to fixed, known monuments, plaintiffs were entitled to a deed that would include the land upon which the stable stands.

(Agued September 28, 1871 ; decided January term, 1872.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial district, reversing a judgment in favor of the plaintiffs, entered upon the decision of the court, and ordering a new trial.

The action was brought to compel the specific performance of an agreement to sell a lot in the city of New York. The agreement was in writing, dated August 23d, 1863, and described the lot as follows: "The dwelling-house and lot known as No. 26 Rutger's place, Monroe street, in the city of New York, being the same premises lately conveyed to the party of the first part, by Muller, the said premises being situated in the corner of Rutger's place, twenty-six feet and six inches, and being in depth, on Clinton street, 120 feet to and including the stable situated at the rear of said premises."

On the 12th of September, 1863, the defendant executed a deed to carry out the agreement in which the lot was described, as in the written agreement, except it omitted all reference to the stable, thus conveying a lot twenty-six feet and six inches front and rear, and 120 feet deep.

It appeared that the parties went to the lot when the agree-

ment was made, and that the defendant pointed out the rear
wall of the stable as the rear line of the lot.

When the contract and the deed were executed, both parties
understood that they conveyed the lot to the rear end of the
stable, so as to include the stable and the land upon which it
stood, and the plaintiffs took possession of the lot and the stable.
Some time after they had taken possession, they discovered
that the distance of 120 feet did not include the whole of the
stable, but that the rear line of the lot, as described in the
deed, ran through the stable; and that the lot, in order to
include the stable, should be 131 feet and ten inches deep.

It also appeared that the defendant took a conveyance of
Peter Muller, June 30, 1863, of two parcels of land; the one
described as being a dwelling-house and lot at the northwest
corner of Rutger's place (Monroe street) and Clinton street,
some twenty-six feet six inches by 120 feet, and the other
described as adjoining in the rear, being south-west corner of
Madison and Clinton streets, some twenty-six feet six inches
by eighty feet. Muller had built the stable upon both lots.
It was about twenty-one feet wide, and the rear line of lots
passed nearly through its center.

The court ordered judgment in favor of the plaintiffs, in
substance requiring defendants to execute and deliver a new
deed, including in the description, by appropriate metes and
bounds, the land upon which the stable stands, and judgment
was entered accordingly.

*Samuel Hand* for appellants. Where there is a discrepancy
in a description in a grant between the distance named and a
fixed known monument, the latter prevails. (*People* v.
*Law*, 22 How., 109 ; *Schoonmaker* v. *Davis*, 44 Barb., 463 ;
*Seldon J. Baldwin* v. *Brown*, 16 N. Y., 350 ; *Raynor* v.
*Timerson*, 46 Barb., 518 ; *Van Wyck* v. *Wright*, 18 Wend.,
157, 168 ; *Smith* v. *McAllister*, 14 Barb., 434 ; Cow. & Hill's
Notes, 1378, and cases there cited ; *Jackson* v. *Wedyer*, 7
Cow., 723 ; *Jackson* v. *People*, 8 Wend., 189 ; *Pettit* v.
*Shepard*, 32 N. Y., 97 ; *Brown* v. *McEvery*, 5 N. Y. L. Obs.,

19.) The words, "including the stable on the rear," would, by well settled construction, carry the land covered by the stable. (*Whitney* v. *Olney*, 3 Mason, 282 ; *Johnson* v. *Raynor*, 6 Gray, 107; *Wooley* v. *Groton*, 2 Cush., 305 ; *Co. Lit.*, 5; Shepard's Touch., 90, 94; Woolman & Smith, 53 Maine, 81.) The receipt of the former deed, under mistake, is no obstacle to a judgment for specific performance. (*Fonda* v. *Sage*, 46 Barb., 102.)

*Francis Byrne* for respondents. The principal part of the agreement was the land; the stable was a mere incident. The rule as to fixed monuments does not, therefore, apply. (*Tyler* v. *Hammond*, 11 Pick., 211 ; *Union Burial Ground* v. *Robinson*, 5 Wheat., 21.) Parol evidence was improper to extend the limits. (*Waugh* v. *Waugh*, 28 N. Y., 94.) The case was equitably disposed of at General Term. (*Coon* v. *Smith*, 29 N. Y., 392 ; *Johnson* v. *Taber*, 6 Seld., 319.)

EARL, C. The Supreme Court, at General Term, reversed the judgment given at Special Term, and held that the plaintiffs were not entitled to the relief demanded by them, because both parties were mutually mistaken as to the depth of the lot, both supposing that the 120 feet would include the whole of the stable.

The evidence and the finding of the judge show that both parties intended, the grantor to sell and the grantees to purchase, to the rear end of the stable. Both, however, supposed that 120 feet would extend the lot thus far. Both parties must stand upon the written agreement, as neither alleges any mistake in it, or claims any reformation of it.

What then is the proper construction of the written agreement according to well-settled rules of law ? If the northerly and southerly line is but 120 feet, the whole of the stable is not included. If the whole of the stable is included the line is longer. Which of these descriptions shall prevail ?

It is perfectly well settled, that where there is a discrepancy

in a description of land between the distance named therein and a fixed known monument, such as a fence, wall, building, or other specified object, the latter must prevail over the former. In *Wendell* v. *The People* (8 Wend., 183), it is said that, "in the construction of grants, both course and distance must give way to natural or artificial monuments or objects, and courses must be varied and distances lengthened or shortened, so as to conform to the natural or ascertained objects or bounds called for by the grant." There are numerous other cases to the same effect. These cases all proceed upon the theory that the parties were mistaken as to the courses and distances, and intended to convey by the well-known monuments, in reference to which they were not likely to be mistaken.

It does not help the defendant in this case to claim or show, that both parties were mistaken as to the depth of this lot in feet, so long as it is clear, both by the parol negotiations which preceded the written agreement, and the written agreement itself, that they intended a lot so deep as to include the stable.

There might be cases, in actions for specific performance, where it would not be proper to apply this rule of construction, as if the parties had contracted particularly in reference to distances, and it would be a great hardship for the vendor to convey by the natural or well-known monuments, and clearly inequitable to compel him to do so. But here there is no proof that defendant would be seriously harmed or discommoded if he were compelled to convey the stable, and there is no proof that the consideration paid by the vendees is not an ample price for the whole lot, including the stable.

I, therefore, reach the conclusion that the order of the General Term should be reversed, and the judgment at Special Term affirmed, with costs.

All concur. LEONARD, C., not sitting.

Order reversed.