## BREEN v. STONE.

(*City Court of Brooklyn, General Term.* May 2, 1889.)

DEEDS—DESCRIPTION—BOUNDARIES.

An owner of land built a house thereon, fenced off a separate lot with the house on it, and conveyed the lot by deed, describing it by metes and bounds, and according to such description one line of the lot would cut off three inches of the house. The house formed the chief part of the purchase. *Held,* that the wall of the house formed the line of the lot.

Appeal from special term.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*David Barnett,* for appellant. *William Sullivan,* for respondent.

VAN WYCK, J. A party owning a plot of land in this city, 50 feet on State street and 100 feet deep, builds on the westerly portion of the same a dwelling-house about 17 feet and 11 inches wide and 50 feet deep. He then carves out of the whole plot a separate lot with this dwelling-house upon it, and fences the front court-yard and the back yard, and conveys the same by the following description: "All that certain lot, piece, or parcel of land, with the buildings thereon erected, * * * and bounded and described as follows, to-wit: Beginning at a point on the northerly side of State street. distant 157 feet 4 inches easterly from the north-easterly corner of Bond and State streets; running thence northerly, parallel with Bond street, 100 feet; thence running easterly, and parallel with State street, 17 feet 8 inches; thence southerly, again parallel with Bond street, and through the center of a party-wall, 100 feet to State street; thence westerly along State street 17 feet 8 inches, to the point or place of beginning." To conform the westerly line of the lot to the westerly line of the wall the call in the deed for a starting point should have been 157 feet 1 inch easterly from Bond street, instead of 157 feet 4 inches. Is the westerly wall the westerly line of the lot, or must the westerly line be drawn according to call and measurement of deed, which will cut off three inches from the house? Does this deed convey a dwelling-house and the lot upon which it stands, or a lot with only a part of the dwelling-house? Does the line of the wall control the description, or do the measurements according to the call of the deed control the description? It seems to us plain that the grantor conveyed a lot in the shape of a parallelogram, the two sides being parallel with Bond street, and each side 100 feet long, the front and rear line being parallel with State street, and the width of this parallelogram was at least that of the house, and not two or three inches less. The house was the chief part of the purchase. The distances and dimensions of the calls in the deed must be increased or diminished to correspond with the location calls marked on the land, to-wit, in the case at bar, a parallelogram-shaped lot in a city, 100 feet deep and 17 feet 11 inches wide. Such a grant is supposed to be made with reference to actual view of the premises by the parties thereto. *Jackson* v. *Barringer,* 15 Johns. 470; *Wendell* v. *Jackson,* 8 Wend. 183, 190; *Hathaway* v. *Power,* 6 Hill, 453; *Allerton* v. *Johnson,* 3 Sandf. Ch. 72; *Drew* v. *Swift,* 46 N. Y. 207; *White* v. *Williams,* 48 N. Y. 344; *City of Boston* v. *Richardson,* 13 Allen, 146; *Rogers* v. *Smith,* 4 Pa. St. 93. The judgment is affirmed, with costs.

CLEMENT, C. J., concurs.