# Walker *v.* Carroll.

*Statutory Real Action in nature of Ejectment.*

1. *Construction of bill of exceptions.*—When the bill of exceptions recites, in detail, the evidence introduced by both parties, and then adds, "Upon this evidence, the defendants asked the court, in writing, to charge the jury as follows : 'If the jury believe all the evidence, they will find for the defendants';" this shows with sufficient certainty that the evidence recited is the substance of all that was introduced. (Overruling *Kirksey v. Hardaway*, 41 Ala. 330, and *Bridges v. Cribbs*, 41 Ala. 367.)

2. *Homestead exemption of bankrupt; amendable defects of claim, and conclusiveness of allowance by assignee.*—By the express language of the late bankrupt law, the bankrupt's title to his homestead exemption did not pass to his assignee in bankruptcy ; and where he included in his schedule all his lands, claiming, as a homestead exemption therein, "real estate to the value of $500," but without designating any particular portion, this is an amendable defect, of which advantage cannot be taken in a subsequent collateral pro-

[Walker v. Carroll.]

ceeding ; and the assignee having set apart to him, as exempt, the homestead on which he was then residing, and which did not exceed, in quantity or value, more than was then allowed by law, and reported his action to the court of bankruptcy, this action is conclusive, until set aside by that court, in a proceeding of which the bankrupt had notice.

3. *Vendor's lien ; waiver of.*—When the vendor of lands executes a conveyance to the purchaser, and takes a note, with personal security, for the purchase-money, this is, at least *prima facie*, a waiver and abandonment of his vendor's lien ; and an assignee of the note cannot acquire any greater rights than the vendor himself had.

4. *Same; allowance by court of bankruptcy ; when not conclusive on bankrupt.* The assignee of a note, given for the purchase-money of land, but showing on its face a waiver of the vendor's lien, having filed a petition in the court of bankruptcy, after the allotment to the bankrupt purchaser of a homestead exemption in the lands, asserting a vendor's lien on all the lands, but not making the bankrupt himself a party ; a decree declaring a lien in his favor is not binding on the bankrupt, and does not affect his title to his homestead exemption.

5. *Decree of sale by court of bankruptcy ; effect on bankrupt's homestead exemption.*—The bankrupt's title to his homestead exemption is not affected by a decree of the court of bankruptcy, rendered on the petition of the assignee in bankruptcy, and ordering a sale of all the lands included in the bankrupt's schedule ; to which petition he was not made a party, and which was filed after his homestead had been set apart to him by the assignee.

6. *Order refusing injunction of sale; conclusiveness of.*—The bankrupt having filed his petition, addressed to the judge of the District Court in bankruptcy, asserting his right of homestead exemption, and praying an injunction of the sale under the decree ; which petition being overruled by the judge, and the injunction refused, was not further prosecuted ; *held*, that this ruling did not amount to the dignity of *res adjudicata* as to the right of homestead.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. WM. S. MUDD.

This action was brought by David H. Walker, against Thomas Nunnley and Simpson Clayton, tenants in possession, to recover the possession of a tract of land, with damages for its detention; and was commenced on the 28th August, 1872. The plaintiff had purchased the lands sued for, part of a larger tract, from one Bell, in 1860, and went into possession of them under his purchase; and he continued to reside on them, claiming them as his homestead exemption, during the proceedings had in the United States District Court at Huntsville, by which he was adjudicated a bankrupt on his own petition, and afterwards, until he was dispossessed by Joseph W. Carroll, who claimed to have purchased them under a decree of said District Court in bankruptcy. The defendants were in possession as the tenants of Carroll, who was admitted to defend as landlord; and on his death, pending the suit, the action was revived against his personal representative and heirs at law. The pleadings were drawn out at great length, covering forty pages of the transcript; but the opinion of the court, which states all the material facts connected with the proceedings had in the court of bankruptcy, so far as they are shown by the record;

[Walker v. Carroll.]

renders any additional statement of the facts unnecessary. The court charged the jury, at the instance of the defendants, as follows: "If the jury believe all the evidence, they will find for the defendants." The plaintiff duly excepted to this charge, and requested the following charges, which were in writing: 1. "That if the jury believed, from the evidence, that the lands sued for were surrendered by the plaintiff in bankruptcy, and had been duly assigned to him, as a homestead, by the register of said court, and the assignee of his estate, on the 25th January, 1869, then he was entitled to recover in this action." 2. "That if the land sued for was assigned to plaintiff, as a homestead, on the 25th January, 1869, by the assignee and register; then, unless said order of assignment was first set aside, said District Court had no jurisdiction to order a sale of said lands." The court refused each of these charges, and the plaintiff excepted to their refusal; and he now assigns as error the charge given, and the refusal of the charges asked.

J. B. MOORE, for appellant.

WM. COOPER, contra.

STONE, J.—The record in this case has been unnecessarily enlarged, by exhibits to the bill of exceptions, which do little more than recite facts already stated, in substance, in the body of the bill; yet, notwithstanding its length, it is not expressly stated that the evidence, so set forth, was all the evidence on which the case was tried. We think, however, it sufficiently appears that the whole of the evidence is set forth, to enable us to revise the action of the court in giving the charge asked by the defendants. We think the construction placed by this court on bills of exceptions, in some cases, has been too strict. Placing a common or popular construction on the language used in this bill of exceptions, it indicates that the facts recited did contain the substance of all the evidence. After reciting, in detail, the evidence introduced by both parties, it declares, "Upon this evidence, the defendants, by their counsel, asked the court, in writing, to charge the jury as follows: 'If the jury believe all the evidence, they will find for the defendants.'" This charge the court gave, and an exception was duly reserved by the plaintiff. We concur in opinion with Mr. Justice JUDGE, in *Kirksey v. Hardaway* (41 Ala. 330), and in *Bridges v. Cribbs* (*Ib.* 367), and overrule the majority opinion in those cases. We hold, that the language used, taken in connection with the charge itself, shows with sufficient certainty that the facts

set forth constituted, in substance, the whole of the evidence on which the charge was based.

It appears from the bill of exceptions, that in 1860 the plaintiff bought of one Bell a tract of land, described as section 24, township 4, range 11, and eighty acres of mountain land, situated then in Franklin, but now Colbert county. One-third of the purchase-money was paid cash, and two promissory notes, with personal security, were given to Bell for the deferred payments. A deed was thereupon made to Walker, by Bell, and Walker went into possession of the part of the land now sued for, and remained in possession until October, 1870, when he was dispossessed by a sale under an order of the United States court, more fully hereafter noticed.

Walker, on his own petition, was declared a bankrupt in 1867. In his schedule of property, the whole of the lands bought from Bell was included; but Walker claimed therein, as exempt, "real estate to the value of $500," out of the lands described in the petition, and surrendered in bankruptcy. Sheets was appointed assignee of the bankrupt's estate, shortly after the declaration of bankruptcy, and the usual deed of assignment was made to him by the register in bankruptcy. The assignee designated and set apart to the bankrupt, as a homestead, the "south half of the north-east quarter, and the west half of the north-west quarter of section 24, township 4, range 11, west." The assignee, and the register in bankruptcy, on the 24th of January, 1869, made a certificate of exempt property designated and set apart to the bankrupt, and delivered it to him. Sheets, the assignee, in this paper certifies, that he "has this day set apart for said bankrupt the foregoing articles, according to law." The articles thus set apart for the bankrupt consisted of the said homestead, and some articles of personal property. This action was reported to the court, and the report was filed in the bankrupt court on the 25th January, 1869, and was so indorsed by the clerk. The lands thus exempted constitute the homestead of Walker, a man of family, upon which he had resided for many years before he was declared a bankrupt, and on which he was residing at the time he filed his petition in bankruptcy; and he was still residing thereon, at the time the said lands were so assigned and set apart to him.

The defendants to this suit claimed under one Carroll; and they proved that Carroll bought of said Bell the two promissory notes given by Walker as part of the purchase-money of the lands, before described as being bought by Walker of Bell; and that Carroll proved these two promissory notes

against the bankrupt's estate, in the bankrupt court, and claimed a vendor's lien on said lands, said promissory notes having been indorsed to him by Bell. On the 29th of January, 1869, Carroll filed a petition in said United States court to enforce a vendor's *lien* on the whole of the lands included in the bankrupt's schedule. He made no one a party to this petition, except Sheets, the assignee in bankruptcy. Walker was not made a party, and was in no way required to answer said petition, and he never appeared in court to defend against said petition. On the 9th April, 1869, the assignee, Sheets, filed a petition in said court, asking for a sale, free of all incumbrances, of all the lands described in said bankrupt's schedule. Said petition alleged, that said Carroll claimed a vendor's lien on said lands, and prayed that Carroll should be made a party to said proceeding. Carroll was made a party. No one else was prayed to be made a party to it, and no one else was made a party thereto. Walker had no notice of such proceedings, until after a decree of sale had been rendered.

After the decree of sale, and before the sale actually took place, Walker, on the 25th August, 1870, presented a petition to the judge of said United States court, setting forth the facts; and asked that the sale, which was then advertised, by the assignee, Thornton (Sheets having before that time resigned), should be enjoined; and he also prayed that the assignee be made a party. When said petition of Walker was presented to the judge of the District Court, he wrote on it, "Injunction refused," and signed his name thereto. Said petition was then abandoned, and was prosecuted no further. On the 10th October, 1870, the assignee sold the lands, including the homestead which had been set apart to Walker, under said decree of sale; and they were bought by Carroll. Under this sale, Walker was put out of possession of the land, which had been assigned to him as a homestead. Walker rented his homestead premises after the sale, from Carroll, for the balance of the year. After the end of his term as tenant, he brought this suit to recover his homestead. In 1872, said District Court of the United States adjudged, under the petition filed by Carroll, that he had a vendor's lien on the whole of the lands, and decreed the proceeds of sale to be paid to him.

2. There does not appear to have been any evidence introduced, on the trial of this case, as to the value of the land set apart to Walker as a homestead, other than what appears in the certificate of the assignee in bankruptcy. The bankrupt law, as then of force, exempted, as a homestead to the bankrupt, whatever amount of land, in quantity

and value, the laws of Alabama exempted from seizure and sale for debt. The law of Alabama, as far back as 1858, exempted "such real property as may be selected by the head of the family, to include the homestead, not to exceed three hundred and twenty acres, and in value not to exceed five hundred dollars."—See Acts of 1858, p. 48. By the express language of the bankrupt law, the title to such homestead never passed to the assignee in bankruptcy, by virtue of Walker's bankruptcy, nor by virtue of the deed of assignment made to the assignee by the register. Walker claimed his homestead, in his petition to be declared a bankrupt; and it was allowed by the assignee. Although the claim of exemption did not designate any particular part of the land, and the claim may have been defective for this reason; yet this was an amendable defect, and it can not be taken advantage of in a collateral proceeding.—See *Kent v. King,* 29 Ala. 542.

The bankrupt court had jurisdiction, and allowed the exemption by selling a part of the homestead, not exceeding the quantity, and, we must presume, not exceeding the value allowed by the laws of Alabama. This is conclusive of the right to the homestead, unless the action of the assignee has been set aside.

There was no exception filed to the report of the assignee allowing this homestead, or attempt to set it aside. The right of Walker to this homestead could not, without notice to him, be devested by the bankrupt, or any other court. See *Shaw & Cox v. Lindsey,* 60 Ala. 344. Courts will presume that the action of the bankrupt court in setting apart the homestead was correct, and it is conclusive until set aside by the bankrupt court.—Bump on Bankruptcy (8 ed.), 515.

On the facts set forth in this bill of exceptions, we hold that the assignment of the homestead was valid, and that no title to the land, so set apart to Walker as the homestead, was vested in the assignee in bankruptcy.

3. It is clear that Carroll had no vendor's *lien* on the lands. Carroll could have no greater right than Bell. Bell sold and made a deed to Walker, taking personal security for the unpaid purchase-money. This was, at least *prima facie,* a waiver of the vendor's lien. At an early day in this State, it was held, that the taking of personal security for the purchase-money, when the vendor made a deed to the purchaser, was a waiver of the vendor's *lien.—Foster v. Athenæum,* 3 Ala. 302. And even if the taking of such personal security only created a presumption of waiver of the lien, which might be rebutted, there was no evidence tending to rebut such presumption.

4. The United States court decreed that Carroll did have

[Walker v. Carroll.]

a vendor's lien, and decreed to him the proceeds of the sale. This proceeding of Carroll was commenced after the homestead had been set apart to Walker, by the assignee, and after the assignee had reported his action to the court. Walker was not made a party to this suit. It is certain that the assignee had no title to the lands assigned to Walker, at the time Carroll commenced his proceeding to assert a lien. The assignee did not, in any manner, represent Walker, so far as the lands assigned as a homestead were concerned. The decree rendered by the court, declaring a lien on that part of the lands constituting the homestead, was not binding on Walker. No one can be bound by any judgment rendered in any suit to which he is not a party or privy.

5. There was a petition filed by the assignee, to have a sale of the whole of the lands included in the schedule of property filed by Walker. This petition was filed several months after the homestead had been assigned to Walker. Walker, as we have seen, was not made a party to this proceeding, and had no notice of it until long after the decree of sale under it. The only party defendant was Carroll, who claimed the vendor's lien. It is very clear that no decree, under such a proceeding, could or did affect the right of Walker to his homestead. So that it is clear that the United States court had no jurisdiction to render any decree subjecting Walker's homestead to any lien of Carroll. By neither of these proceedings in the United States court was the title of Walker to his homestead ever devested out of him. When he commenced this suit, he had the legal title to the lands sued for, and ought to have recovered them under the facts disclosed in this record.

6. It is urged, however, by the counsel for the appellees, that the refusal of the judge of the District Court of the United States to entertain Walker's petition, asking that the assignee in bankruptcy be enjoined from selling, is an adjudication adverse to Walker's right to recover in this suit. The petition of Walker was never presented until long after the decree of sale had been made. It never was prosecuted as a suit. It was abandoned, and never pursued further, as the bill of exceptions informs us, after the refusal of the judge to grant the interlocutory injunction prayed for. Such action can not be considered an adjudication of Walker's rights. It never amounted to the dignity of *res adjudicata.*

It follows from what we have said, that the charge given by the court, at the instance of the defendants, was erroneous. The reverse of the charge should have been given, if plaintiff had asked it. The second charge asked by the plaintiff should have been given. The first charge asked by

the plaintiff may have been refused, because based on a partial statement of facts. Whether this be so, it is unnecessary to decide. It results from what we have said, that the judgment of the Circuit Court must be reversed; and the cause is remanded, for further proceedings in accordance with this opinion.

BRICKELL, C. J., not sitting, having been of counsel.