# Walker *v.* Struve.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Vendor's lien as shown by deed and assignment of note, construed together; parol evidence as to intention of parties.*—When the vendor's deed to the purchaser recites, as its consideration, the transfer by the purchaser, by written assignment or indorsement, of the promissory note of a third person payable to him, the deed and assignment together constitute the contract of the parties, and are to be construed as one transaction; "and it may be seriously questioned whether verbal declarations of intention, whether contemporaneous or antecedent, are admissible as evidence," to affect the question whether a vendor's lien was intended to be waived or reserved.

2. *Assignment of promissory note, by husband and wife.*—A written assignment of a promissory note payable to a married woman, signed by her and her husband, and attested by two witnesses, conveys her property in the note (Code, § 2707), but does not impose any personal liability on her.

3. *Vendor's lien; waiver of.*—Taking the purchaser's note or bond for the purchase-money, or the renewal of such note or bond, is not a waiver of the vendor's lien; but the lien may be waived by taking collateral security, and is waived, presumptively, by taking the note of a third person; and this presumption is stronger, of course, when such note is secured by mortgage on other property.

4. *Same.*—Where the vendor executes a deed to the purchaser, reciting therein, as its consideration, the purchaser's agreement to pay an outstanding incumbrance on the land, and the assignment of a promissory note of a third person; and the transfer of the note is signed by the

[Walker v. Struve.]

purchaser (a married woman) and her husband, attested by two witnesses, and purports to be made " in part payment of " the land conveyed, "together with the security for its payment evidenced by mortgage on" another tract of land; these facts show, at least presumptively, a waiver or abandonment of the vendor's lien.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. H. C. SPEAKE, as special referee, under the act approved February 23d, 1881.—Sess. Acts 1880–81, p. 66.

The bill in this case was filed on the 10th April, 1879, by L. P. Walker, as the executor of the last will and testament of Elizabeth Cary, deceased, against Mrs. Mary C. Struve and her husband (William F. Struve), Mrs. Jane H. Childs, John M. Crowder, and William P. Newman; and sought to enforce an alleged vendor's lien for the unpaid purchase-money of a house and lot in Huntsville, which Mrs. Struve purchased from said Crowder and Newman on the 8th August, 1876, and for which they (with their respective wives) executed to her a conveyance "in fee simple, with general warranty of titles," on the 15th September, 1876. The property was sold and conveyed to said Crowder and Newman by James Hickman, by deed dated 4th August, 1874; and being afterwards sold under executions issued on two judgments at law against Hickman, they became the purchasers at sheriff's sale, on the 4th September, 1874. On the 28th December, 1874, Crowder and Newman executed a mortgage on the property to Mrs. Jane H. Childs, to secure a debt of $2,200, payable twelve months after date; and of this debt the balance due, with interest to August 1st, 1876, was $1,587.50. The deed of Crowder and Newman to Mrs. Struve, which was made an exhibit to the bill, recited these several conveyances, and then proceeded thus: "And whereas the said Mary C. Struve has transferred and assigned to the said parties of the first part a note executed by James I. Donegan, and attested by F. P. Ward and M. W. Steele, dated Huntsville, Alabama, April 8th, 1876, and payable three years after the date thereof, to the said Mary C. Struve, in the sum of $3,183.21, with interest from date payable annually; which said note is secured by mortgage executed by the said Donegan, on the day of the date of said note, on real estate therein particularly described, which is recorded," &c.; "and has also transferred and assigned to the said parties of the first part another note executed by the said James I. Donegan, bearing date April 8th, 1876, and payable three years after its date, in the sum of $897.93, after deducting therefrom the sum of $408.49, as the property of the said Mary C. Struve, the balance remaining due on said note being transferred and assigned to said Crowder and Newman: And whereas the said Mary C.

[Walker v. Struve.]

Struve hath covenanted, promised and agreed, and, by these presents, doth covenant, promise and agree, to pay off and discharge the aforesaid sum of $1,587.50, due to Mrs. Jane Hamilton Childs, and secured by mortgage on said property : *Now*, therefore, the said parties of the first part, for and in consideration of the premises, and for and in consideration of the transfer and assignment of the notes of the said James I. Donegan, hereinbefore particularly described, and for and in consideration of the agreement, promise and undertaking by the said Mary C. Struve to pay off and discharge the aforesaid debt of $1,587.50 to Mrs. Jane Hamilton Childs, and for and in consideration of the sum of five dollars to them in hand paid, receipt whereof is hereby acknowledged, have granted, bargained, sold," &c., "unto the said Mary C. Struve, the above described real property; to have and to hold," &c., "in fee simple, with general warranty of title." An express stipulation was then added, that the property was subject to a right of redemption existing in favor of Hickman's creditors.

The assignment of Donegan's note for $3,183.21, by Mrs. Struve and her husband, is copied in the opinion of the court. The mortgage given by Donegan to secure the note, as above recited, was transferred and assigned by Mrs. Struve and her husband to Crowder and Newman at the same time with the note itself. On the 21st March, 1877, Crowder and Newman, being indebted to Mrs. Elizabeth Cary, complainant's testatrix, for borrowed money amounting to nearly $4,000, which was secured by mortgage on other lands which they owned, transferred to her Donegan's said note for $3,183.21, in satisfaction *pro tanto* of that indebtedness ; the assignment being indorsed on the note, in these words: " For value received, we assign this note to Mrs. Elizabeth Cary, with all the liens held for its security, set out in a contract this day executed by J. M. Crowder and delivered to Mrs. Cary." The contract between Crowder and Mrs. Cary, referred to in this assignment, describes Donegan's said note as being secured by mortgage, " and also secured by recitals in the deed of said" Crowder and Newman to Mrs. Struve, " of date September 15, 1876, to which reference is made." Mrs. Cary died in December, 1878, and her last will and testament was duly admitted to probate in said county of Madison, and letters testamentary granted to the complainant.

The original bill stated all these transactions, particularly describing the several conveyances, assignments, &c.; claimed a lien on the lands sold by Crowder and Newman to Mrs. Struve, for the amount due and unpaid on Donegan's note, as arising by implication of law, and asked that it be established and enforced by a decree of sale. An amended bill was afterwards

filed, alleging that Donegan was insolvent at the time he exe-
cuted the note and mortgage, and when they were transferred
to Crowder and Newman; that the claim so secured was not
worth, at the time of the transfer to them, more than $200, the
value of the mortgaged property in excess of a former incum-
brance on it; that these facts were well known to all the parties
at the time the contract between Crowder and Newman and
Mrs. Struve was consummated; that it was then expressly stipu-
lated, agreed and understood between them, that Crowder and
Newman should reserve and retain a vendor's lien on the land
sold and conveyed to Mrs. Struve, and that this was not in-
serted in the writings through the mistake or oversight of the
scrivener. The amended bill prayed, if a vendor's lien was not
shown by the recitals contained in the several writings, that
they might be so reformed as to make them show that a lien
was expressly reserved by the contract and agreement of the
parties.

A joint and several answer was filed by Mrs. Struve and her
husband, admitting the execution of the conveyances and as-
signments above recited, but denying that any lien was
reserved, or intended to be reserved, on the property conveyed
to her by Crowder and Newman; alleging that the two notes of
Donegan were her separate property, being part of her statu-
tory estate, and were transferred to Crowder and Newman in
absolute payment for the property; and that it was expressly
understood and stipulated, when the contract was entered into,
that neither she nor the property was liable for anything ex-
cept the debt to Mrs. Childs; and they demurred to the bill,
for want of equity.

The cause being submitted for decree on pleadings and
proof, the special referee dismissed the bill, holding that neither
the writings nor the parol evidence showed the reservation of a
vendor's lien; and his decree is now assigned as error.

WALKER & SHELBY, and HUMES & GORDON, for appellant.
On every sale of lands, though the vendor execute a convey-
ance, reciting therein the payment of the purchase-money, he
retains a lien, in the absence of an agreement, express or im-
plied, to the contrary. This lien is not based on contract, but
arises by implication of law; and is founded on the equitable
principle, that one man shall not get and keep the estate of an-
other without paying for it.—*Shorter v. Frazer*, 64 Ala. 74;
*Warren v. Fenn*, 28 Barb. 334; *Terry v. Keaton*, 58 Ala. 670;
*Blackwell v. Grayson*, 1 Bro. C. C. 420; *Mackreth v. Sym-
mons*, 15 Vesey, 329; 1 Jones on Mort. § 192. The law pre-
sumes a lien, and the *onus* of repelling that presumption rests
on the purchaser; and if, under all the circumstances, it re-

[Walker v. Struve.]

mains doubtful, the lien attaches.—*Hanrick v. Walker*, 50 Ala. 34; 2 Story's Equity, § 1224. Merely taking the note of a third person, or personal security, is not, *per se*, a waiver; the facts must show an intention to waive the lien.—2 Story's Equity, § 1226; *Bradley v. Curtis*, 18 B. Monroe, ——; *Sehorn v. Mc-Whirter*, 6 Baxter, Tenn. 311. The deed and the assignment are to be construed together, as parts of one and the same transaction; and thus construed, they show a clear intention to charge the land with the payment of the note, otherwise the recitals are nugatory.—*Bryant v. Stephens*, 58 Ala. 636; *Wood-ward v. Echols*, 58 Ala. 666. The proof negatives any intentional waiver of the lien, or it shows that Crowder and Newman, having paid $3,000 for the property, and contracted to sell it at the estimated price or value of $5,300, yet knowingly received, in full payment, other property only worth about $2,500, and from which they have not realized even that amount.

CABANISS & WARD, *contra.*—Mrs. Struve, being a married woman, could not bind herself by any contract. She could only sell and transfer the Donegan notes and mortgage; and this was all she did, or contracted to do. That they were received in absolute payment for the land, is shown by the recitals of the deed, which are sustained by the oral evidence.—*Foster v. Trustees of Atheneum*, 3 Ala. 307; *Thames v. Caldwell*, 60 Ala. 644; *Sehorn v. Mc Whirter*, 6 Baxter, 311.

SOMERVILLE, J.—The main point involved in this case raises the question as to what facts constitute a waiver of a vendor's lien.

Crowder and Newman sold certain real estate in the city of Huntsville to Mary C. Struve, one of the appellees, executing therefor a bond for title. The consideration on the part of the vendee was the payment of an incumbrance already existing on the land, in the form of a mortgage in favor of one Jane Hamilton Childs, for nearly $1,600, and two notes executed by J. I. Donegan, payable to her, the said vendee, who duly transferred them by assignment to appellant's testatrix. The transfer was made in writing, being signed by the payee and her husband, and attested by two subscribing witnesses. That of the larger note, which was for the sum of $3,183.20, and secured by a mortgage on certain other real estate than that above mentioned, reads as follows:

"Huntsville, Ala. Aug. 8th, 1876.

" *In part payment* for a house and lot in Huntsville [describing it], purchased by me this day of John M. Crowder and William P. Newman, I, Mary C. Struve, do hereby transfer

and assign them this note, to the full amount thereof, principal and interest, *together with the security for its payment*, evidenced by *mortgage* of record in the Probate Court of Madison county, Alabama, in Deed Book No. 1, page 256." [Signed] "MARY C. STRUVE," and "WILLIAM F. STRUVE, husband of Mary C. Struve." This was attested by two subscribing witnesses.

Soon after this, on the 15th day of September, 1876, Crowder and Newman executed a deed conveying this property to Mary C. Struve. The deed recites, as a consideration, the transfer and assignment of the two Donegan notes, and the agreement of Mrs. Struve to pay off and discharge the mortgage debt due Mrs. Childs. The only question presented is, whether the Donegan note, above described, for $3,183.20, and now in the hands of appellant, is a lien on the land conveyed to Mrs. Struve, or has the vendor's lien been waived.

It is noticeable that the payee of this note, being a married woman, incurred no personal liability by her written transfer of it. This assignment, attested by two subscribing witnesses, operated only to transfer the title and property in the note to the assignee, under the provisions of section 2707 of the Code of 1876, which prescribes the manner in which the separate estate of a married woman may be sold and conveyed. This fact may be significant, in legally ascertaining the probable intention of the contracting parties.

The deed of conveyance to Mrs Struve, and her written transfer of the Donegan note to her vendors, Crowder and Newman, are to be construed together as one entire transaction; and when so taken, they constitute the contract of the parties. *Robins v. Webb*, at the last term.

Parol evidence was introduced by both parties, for the purpose of proving their intentions in relation to the alleged waiver of the vendor's lien. The entire contract being in writing, it may be seriously questioned whether such verbal declarations of intention, made contemporaneous with, or antecedent to the execution of the written instruments, are admissible in evidence for such a purpose. This question, however, is not necessarily involved in the decision of this case, and we prefer, therefore, to leave it undecided, and open for future consideration.

It is enough to say, that the evidence bearing on this subject is conflicting, and, perhaps, is reconcilable only on one theory; and that is, that neither party intended to make any express agreement different from that implied by law. The minds of the contracting parties are not satisfactorily proved to have verbally concurred in any agreement, or proposition, variant from, or conflicting with, that imported by the written instruments introduced in evidence. Without such mutual assent,

[Walker v. Struve.]

there can be no express contract; and in the absence of such contract, the implication raised by law must be left to operate.

What constitutes such a waiver, has been much discussed both in England and in this country, with some want of harmony among the adjudged cases. It is, however, well settled, that the taking of the vendor's note or bond for the purchase-money, as a mere evidence of the debt, or its renewal, is no waiver. But the lien may be waived, by the express agreement of parties, or by *taking collateral security*. It can not be doubted, presumptively, that the lien is abandoned, where a vendor, who has conveyed the title, accepts a distinct and separate security for the purchase-money; as, for example, a mortgage on other property, or a bond or note with surety or indorser, or a deposit of stock or personal property. And there is just as little doubt, on authority, that the lien is, *prima facie*, waived by taking the notes of a third party for the purchase-money. And this presumption is, of course, rendered stronger where such note is itself secured by mortgage.—2 Wash. Real Prop. 3d ed. pp. 90–91.[507–8]; 1 Lead. Cases Eq. (H. & W.) pp. 364–5; *Lagow v. Badolet*, 12 Amer. Dec. p. 263, *note*; 1 Jones on Mortg. § 206, and *note* 5; *Walker v. Carroll*, 65 Ala. 61; *Foster v. Atheneum*, 3 Ala. 302; 4 Wait's Act. & Def. 323, and cases cited.

The note of Donegan was secured by mortgage on other property. It is recited in the written transfer indorsed on it to be taken "in *part payment*" of the debt for the purchase-money. The payee, Mrs. Struve, was not liable personally on the assignment, and must be taken to have intended it as a transfer of title or property in the note merely; a presumption which is strengthened by the fact, that the transfer was attested by two witnesses, as required to convey the separate estate of married women under the statute.

We think that the acceptance of this security was an abandonment of the vendor's lien presumptively; and there being no legal evidence sufficient to overcome such presumption, it must be taken in this case as conclusive. The chancellor so held, and his decree is affirmed.