# Kinney *v.* Ensminger.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Waiver of vendor's lien by taking note with personal security.*—On a sale and conveyance of land, if the purchaser's note with personal security is taken for the unpaid purchase-money, the vendor's lien is presumptively waived; and this presumption is not overcome by the evidence in this case.

APPEALS from the City Court of Decatur, in equity.

Heard before the Hon. WM. H. SIMPSON.

These two cases were argued and submitted together, both in the court below and in this court.   The bills were filed by George Ensminger and Mary L. Ensminger, respectively, against F. H. Kinney and P. H. Kinney; and each sought to enforce a vendor's lien on land for unpaid purchase-money, evidenced by the defendants' two promissory notes.   On final hearing, on pleadings and proof, the court below rendered a decree for the complainant in each case; and this decree is here assigned as error.

[Kinney v. Ensminger.]

. NOBLE SMITHSON, for the appellant, cited *Walker v. Struve,* 70 Ala. 167; *Walker v. Carroll,* 65 Ala. 61; *Donegan v. Hentz,* 70 Ala. 437.

. WERT & SPEAKE, *contra,* cited *Williams v. McCarty,* 74 Ala. 295; *Stringfellow v. Ivie,* 73 Ala. 209; *Wilkinson v. May,* 69 Ala. 33; *Craft v. Russell,* 67 Ala. 9; *Hanrick v. Walker,* 50 Ala. 34; *Napier v. Jones,* 47 Ala. 90; *Jackson v. Stanley,* 87 Ala. 270.

STONE, C. J.—The two appellees, father and daughter, jointly owned a tract of land in Morgan county, but in unequal interests. Through a real-estate agent they agreed upon a sale of the land to F. H. Kinney, at the price of eleven thousand dollars, three thousand dollars cash, paid down, and the balance on time. They executed a deed to said F. H. Kinney, conveying him the land with full covenants of warranty, and received from him his two notes to secure the balance; one for two thousand dollars, due at twelve months, payable to Mary D. Ensminger, and the other for six thousand dollars, due at two years, payable to George Ensminger. Each of these notes was signed also by P. H. Kinney, surety for F. H. Kinney. The deed was read to, and signed and acknowledged by the Ensmingers, father and daughter, and delivered to F. H. Kinney. The notes, signed by F. H. Kinney and P. H. Kinney, were delivered to the payees respectively. The contract was made and the papers bear date in March, 1888. The notes do not express the consideration, and the deed conveys the land "for and in consideration of the sum of eleven thousand dollars to us in hand paid by F. H. Kinney, the receipt whereof we do hereby acknowledge."

The two bills, one by the father and the other by the daughter, were filed in August, 1890, against F. H. Kinney and P. H. Kinney. Their object is to assert and enforce a vendor's lien upon the land, for the payment of said two promissory notes. Among other charges made in the bills, it is averred that one Harrison was the appointed agent of complainants to effect the sale; that he was instructed to so frame the contract as to secure and preserve a vendor's lien on the land for the payment of the purchase-money; that he, Harrison, did effect the sale, and "that neither the note to said George or Mary expressed in the face thereof, nor did the deed on its face, that the vendors retained a vendor's lien on said land for the balance of the purchase-money; yet it was distinctly understood between complainant and respondents that said deed and notes should so show on their face."

The answers deny every averment that there was any agreement or understanding that a vendor's lien was to be retained.

Geo. Ensminger testified, that he did give instructions to Harrison, the agent, to retain a vendor's lien to secure the payment of the purchase-money. He is not corroborated by any other witness on this point. He testified further, that he read and spoke the English language, and that the deed was read over to him before he executed it.

On the question of retaining a lien, Harrison's testimony is diametrically in conflict with that of Ensminger. He testified that Ensminger desired personal security, and expressed distrust of the land as a sufficient security; that he even went so far as to say he did not desire to retain a vendor's lien. F. H. Kinney, the purchaser, testified that he purchased the land for sale again, and that he would not have purchased if a vendor's lien had been retained. There is testimony that each of the Kinneys was solvent when the contract was made, and P. H. Kinney was reputed to be wealthy. It was testified that they were, each of them, solvent when the testimony was taken in the case, and there was no testimony to the contrary.

In the decree of the City Court is this language: "After a careful investigation of all the evidence, the court is left in doubt whether the lien created by law by the sale of the real estate described in the bill has been intentionally disposed of [displaced?] or waived by consent of the parties, express or implied. The lien, therefore, must be held to attach, under the authority of *Tedder v. Steele,* 70 Ala. 347; 2 Story's Equity, § 1224."

We hold it to be clear beyond all question, that the attempt to establish by testimony, outside of the writings, that a lien on the land was retained to secure the payment of the purchase-money, was a failure. We think we might go farther, if necessary, and hold that the *aliunde* testimony against the retention of such lien outweighs that in support of it. Taking the writings alone for our guide, what are the implications? It must not be overlooked that this question never arises, unless there has been a conveyance of the title. If the title has been retained by the vendor, the land remains bound for the purchase-money.

In 4 Wait's Ac. & Def. 323, it is said, this lien "is waived by the taking of a distinct and independent security, unless there is at the time an express agreement for its retention. Thus, taking the bond or note of the vendee with a surety." In *Foster v. Athenæum,* 3 Ala. 302, this court said: "On this side of the Atlantic, by a strong and decisive current of

authorities, it appears to be settled, that where the vendor takes a distinct and independent security of the property, or the responsibility of third persons, the lien on the land is waived." In *Walker v. Carroll*, 65 Ala. 61, it was said : "Bell sold and made a deed to Walker, taking personal security for the unpaid purchase-money. This was, at least *prima facie*, a waiver of the vendor's lien." In *Walker v. Struve*, 70 Ala. 167, it was said : "It can not be doubted, presumptively, that the lien is abandoned, where a vendor who has conveyed the title accepts a distinct and separate security for the purchase-money ; as, for example, a mortgage on other property, or a bond or note with surety or indorser, or a deposit of stock or personal property." In *Donegan v. Hentz*, *Ib*. 437, the same doctrine was asserted, and emphasized, in the following language : "That such security will operate as a waiver of the lien, *prima facie*, liable, of course, to rebuttal by legal evidence which is sufficient to overcome the presumption, was also decided by this court in *Walker v. Carroll*, 65 Ala. 61, and is fully sustained by the following authorities," citing many.

The City Court was, no doubt, misled by the following language found in the opinion in *Tedder v. Steele*, 70 Ala. 347 : "The whole question of waiver is conceded to be purely one of fact or intention, and the burden of proof is always on the purchaser to establish, in the particular case, that the lien has been intentionally displaced, or waived by the consent of the parties, express or implied. If it remain in doubt, then the lien must be held to attach."

This language is copied substantially from Story's Equity, § 1224, and, as a general proposition, is correct. We can not say it was not correct in the case then in hand, for, in making the sale and purchase out of which the suit grew, the numbers of the lands purchased were set out in the notes given for the purchase-money, as the consideration upon which they were given. This we have always treated as a weighty circumstance in arriving at the intention of the contracting parties to retain a lien.—*Bryant v. Stephens*, 58 Ala. 636, as modified in *Tedder v. Steele*.

That it was not intended in that case to overturn the doctrine that taking personal security is *prima facie* a waiver of the lien, is shown on the face of the opinion delivered. Speaking of such presumed waiver, it was said : "This doctrine is certainly well settled by the past decisions of this court, and may be considered as a rule of property, never departed from since the case of *Foster v. Trustees of Athenæum*, 3 Ala. 302." During the same term Justice SOMERVILLE, who prepared the

[Weil v. McWhorter.]

opinion in *Tedder's case*, wrote the opinion in the cases of *Walker v. Struve*, and *Donegan v. Hentz*, each of which asserts the doctrine, that when a conveyance is made, and personal or other additional security is taken, and nothing else appears in the transaction, *prima facie* this is a waiver of the vendor's lien.

As we have said, this case must be decided on the facts and presumed intention derived from the papers themselves. They raise the presumption that the vendor's lien was waived, and nothing is shown to overturn that presumption. A presumption not rebutted, becomes a conclusion.

The decrees of the chancellor are reversed, and decrees here rendered dismissing the bills, at the costs of the respective complainants in the court below and in this court.

This controversy has been before in this court.—*Kinney v. Ensminger*, 87 Ala. 340.

Reversed and rendered.

McCLELLAN, J. not sitting.