# Pylant v. Reeves, *et. al.*

### Bill in Equity to enforce Vendor's Lien.

*Vendor's lien.*—The lien of the vendor of real estate for the unpaid purchase money, rests upon the broad principle of equity that it is unconscientious to allow one who gets the estate of another to keep it, without paying the consideration; and this lien follows the land, prevailing against every one but a *bona fide* purchaser for value, without notice.

2. *Same; against whom may be enforced.*—Where the husband purchases

[Pylant v. Reeves.]

land on his own credit, giving his notes for the purchase money, and the vendor, at his request, makes a conveyance direct to a trustee for the wife,—the wife and her trustees are none the less volunteers than if they derived title directly from the husband.

3. *Same.*—The vendor's lien prevails with as much force against a married woman purchasing lands, as against one fully *sui juris.* Until the purchase money is paid the land can not become her separate estate; and while her disabilities may protect her, they can not authorize her to take and hold the lands of another without paying for them.

APPEAL from Chancery Court of Pike.

HEARD before Hon. H. AUSTILL.

Reeves, on his own credit, purchased land of Pylant, and executed a note for the purchase money. The legal title was in Pylant's father, who, by agreement between the parties, conveyed the land to a trustee for Reeve's wife. Reeves paid nearly the whole of the note, and finally took it up, giving a new note for the unpaid purchase money. This note not having been paid, Pylant filed his bill against Reeves, his wife, and the trustee, to enforce his vendor's lien upon the land. Upon demurrer the chancellor dismissed the bill, and hence this appeal.

W. D. WOOD, for appellant. Mrs. Reeves held either an estate by contract, or by statute; if the former, she could not charge it by a note unless she signed it, if the latter, the note should have been attested by two witnesses. *Molton* v. *Martin,* 43 Ala. Under the authority of that case, the note was not a lien on the land, and the bill was properly dismissed. Besides, Pylant having taken Reeve's note after the conveyance to the trustee, is now estopped from proceeding against the land. *Brooks* v. *Martin* 43 Ala.

N. W. GRIFFIN, *contra.* The land was liable to be sold for the payment of the unpaid purchase money, no matter who held the legal title, so long as it had not passed into the hands of a *bona fide* purchaser for value. Parsons on Contracts, Vol. 3, p. 277. The wife is not a *bona fide* purchaser—she parted with nothing of value, and can have no greater rights than her husband. The decision in *Molton* v. *Martin,* has no application, because in this case the *husband's* money, not the wife's was paid out, and formed the consideration of the rule.

BRICKELL, C. J.—The lien of the vendor of real estate, for the purchase money, or any part thereof, which may remain unpaid, prevails against all persons but *bona fide* pur-

chasers for a valuable consideration without notice. It attaches without any special agreement for its existence, whether a conveyance has been made or not. It has its foundation in the broad principle of equity, that it is unconscientious, to allow one who gets the estate of another to keep it without paying the consideration. The purchaser holds the legal title, if it has been conveyed, chargeable with a lien for the purchase money in favor of the vendor, if it has not been conveyed it remains in the vendor, chargeable with a trust for its conveyance to the vendee, when he shall pay the purchase money, and he is a trustee of the purchase money for the vendor.

The lands were purchased by the appellee Reeves, on his own credit, he executing his own note only for the purchase money, the greater part of which he subsequently paid. At his request the lands are conveyed to a trustee for the separate use, and as the separate estate of his wife. The wife and her trustee are mere volunteers—the voluntary donees of the husband, standing in his shoes, entitled only to his rights, and bound by every equity affecting him. As the land would have been indisputably bound for the purchase money, if the conveyance had been made directly to the husband, and he on a merely good consideration, had made the conveyance to a trustee for the use of the wife, it is equally bound under the conveyance the vendor made at the request of the husband. The trustee and wife are not less volunteers than if they claimed directly from the husbands deed.

No question as to the capacity of the wife to contract, or as to her separate estate, its character and liability, can arise against the vendor seeking to enforce his lien for the purchase money. It cannot become her separate estate, until the purchase money is paid. The vendor's lien prevails with as much force against a married woman purchasing land, as against one fully *sui juris*. Her disabilities may protect her, but they can never authorize her to take and hold the lands of another without paying for them. *Chilton* v *Briaden*, 2 Black. 458.

The chancellor erred in not overruling the demurrer to the bill, and the decree must be reversed and the cause remanded. The appellees C. C. Reeves and J. H. Turner will pay the costs of this appeal in this court, and in the chancery court.