# Moore *v.* Worthy.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Vendor's lien; when not waived.*—Where the vendor executed a deed for the lands to the purchaser's wife, at his request, and accepted his individual note for the unpaid balance of the purchase-money, on the assurance of a third person, made in the presence of the purchaser, and not contradicted by him, that the note would be a lien on the land without the wife's signature,— *held*, that these facts did not show a waiver or abandonment of the vendor's lien ; that the wife was a mere volunteer ; and that the vendor's rights were not affected by any agreement or understanding between the purchaser and his wife's mother, who furnished the money to make the cash payment, when he had no knowledge of such agreement.

APPEAL from the Chancery Court of Randolph.

Heard before the Hon. B. B. McCRAW.

The bill in this case was filed on the 30th March, 1872, by J. J. Moore, against O. D. Worthy and his wife, Mrs. Sarah F. Worthy; and sought to enforce a vendor's lien on land for the unpaid balance of the purchase-money. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

JAMES AIKEN, for the appellant.

C. D. HUDSON, with GEO. W. GUNN, *contra*.

BRICKELL, C. J.—The whole question in this case is, whether the vendor, under the facts stated in the pleadings and proofs, retained or waived his lien on the lands sold and conveyed, for the purchase-money. The facts are, that the appellant sold the lands to the appellee, Worthy, for the sum of six hundred dollars, payable on the 25th December, 1870; and on the 23d day of December, 1870, Worthy paid four hundred dollars of the purchase-money, and made his due bill, payable to the appellant, for the remaining two hundred dollars. At the request of Worthy, the appellant made to his wife, Sarah, a conveyance of the lands. The appellant objected to the due bill, because it was not signed by Mrs. Worthy, to whom the conveyance was made; but, on being assured by a third person, in the presence of Worthy, that it was a lien on the lands, accepted it. There is much said in the answers, and in the evidence, as to the manner in which, and the promises on which, this money paid by Worthy was obtained from his wife's mother, which we pass over as irrelevant. The appellant had no knowledge of these facts, and cannot be affected by them. The money was Worthy's, not his wife's, and was applied to the extinguishment of the purchase-money. If he violated the promises on which it was loaned to him, he must answer to the person trusting him. The appellant received it without any just reason to believe it was not his money, fairly obtained, and cannot be prejudiced by his bad faith.

The law of this State is well settled, that the vendor of land, though by an absolute conveyance expressing the payment of the consideration, in the absence of any agreement to the contrary, retains a lien for the purchase-money, against the vendee, and his privies in estate, except *bona fide* purchasers for value, without notice.—*Foster v. Trustees of Atheneum*, 3 Ala. 302. The presumption of law is in favor of the existence of the lien; and on the purchaser, or those claiming against it, rests the burden of proving that, in the particular case, it has been intentionally waived or displaced. If, under all the circumstances, it remains in doubt, the lien continues.—2 Story's Eq. § 1224. The circumstances dispel all supposition that the appellant intended to waive the lien, or that Worthy, the only party negotiating with him, supposed he was waiving it. The due bill expressed its consideration as the purchase-money of the lands, which was described in it. The appellant desired that it should be signed by Mrs. Worthy, to whom the conveyance was made, so that no doubt should remain as to the existence of the lien. He was induced to accept the due bill, on the assurance of a third person, made in Worthy's presence, in which

he acquiesced, that the lien would continue, without her signature. The only fact, tending to indicate an abandonment of the lien, is the execution of the conveyance to Mrs. Worthy, who was a stranger to the contract of purchase. But she is a mere volunteer—the voluntary donee of her husband—and bound by all the equities charging the estate in his hands. She derived her title from the appellant, as she knew, without herself paying him anything for it. Whether she knew her husband had not paid the purchase-money, is not material : she knew that she had not for the conveyance parted with anything of value. By no such contrivance can she get and keep the appellant's lands, without paying the purchase-money. She stands in no other attitude, than that she would occupy if the conveyance had been made to her husband, and he had subsequently, without valuable consideration, conveyed to her. In either case, the lien of the appellant prevails.— *Upshaw v. Hargrove*, 6 Sm. & Marsh. 286 ; *Campbell v. Henry*, 45 Miss. 326.

The decree dismissing the bill must be reversed; and this court, proceeding to render the decree the Chancery Court should have rendered, doth order, adjudge, and decree, that the appellant has a lien on the lands described in the original bill, which are the same lands conveyed by appellant to the appellee, Sarah F. Worthy, by deed of date December 23d, 1870, for the payment of the due bill of the appellee O. D. Worthy, of date December 23d, 1870, for the sum of two hundred dollars. It is further ordered, decreed, and adjudged, that it be referred to the register of the Chancery Court of the third district, of the eastern division, to take and state an account of the principal and interest which is unpaid on said due bill, computing interest thereon to the first day of the next term of said court, and that he make report thereof to the said court at its next term. On the coming in, and confirmation of said report, the Chancery Court, if the sum reported, and the costs, are not paid, will proceed to decree a sale of said lands for the payment thereof; and this cause is remanded to the Chancery Court. The appellee O. D. Worthy must pay the costs of this appeal in this court, and in the Chancery Court.