# Owen *v.* Bankhead.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Decree enforcing vendor's lien; when not binding on heirs of deceased purchaser, nor waiver of lien as against them.*—A vendor of lands having filed a bill in equity to enforce his lien, making the widow of the deceased purchaser a party, both personally and as administratrix, but not bringing in the heirs, in whom the legal title was vested; having obtained a decree subjecting the lands to sale, and becoming himself the purchaser at the sale under the decree; the proceedings are void as against the heirs, but can not be construed as an intentional waiver of the vendor's right to enforce his lien against them in another suit.

2. *Same; filing claim against insolvent estate.*—The note for the unpaid purchase-money having been reduced to judgment by the decree rendered in the suit against the widow and administratrix, the filing of this decree as a claim against the insolvent estate of the deceased purchaser, within the time allowed by law, is sufficient to preserve the claim as a subsisting demand.

3. *Who are proper parties plaintiff.*—The vendor having sold and conveyed the land, with covenants of warranty, after his purchase at the sale under his abortive decree, and his grantee being evicted by the heirs of the deceased purchaser, he (or his personal representative) and his grantee may join as complainants in a bill to enforce the lien against the heirs.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. THOS. COBBS.

The bill in this case was filed on the 13th August, 1878, by Mrs. Martha H. Owen and Edward P. Schackelford, the latter suing as the administrator of the estate of M. W. Mayes, deceased, against Wm. S. Bankhead and others, as the personal representatives and heirs at law of George M. Garth, deceased; and sought to enforce an alleged vendor's lien on land for the unpaid purchase-money, under the following state of facts, as alleged in the bill, and shown by the exhibits thereto:

The land was sold and conveyed by said M. W. Mayes to said Garth on the 3d December, 1859, at the agreed price of $3,900; for which sum said Garth executed his two promissory notes to said Mayes, for $1,950 each, payable on the 1st January, 1861, and 1862, respectively, with interest from the 1st January, 1860. Garth died in April, 1862, never having paid either of said notes; leaving his widow, who afterwards became the wife of said Wm. S. Bankhead, and two infant children, as his heirs at law and the distributees of his estate. Letters of administration on Garth's estate were granted to his widow, on the 23d April, 1866; and said notes for the purchase-money

were duly presented to her, within eighteen months afterwards, as claims against his estate. The first of said notes, maturing on the 1st January, 1861, was transferred by said Mayes, for valuable consideration, at what time does not appear, to Isaac N. Owen. Afterwards, on the 5th April, 1867, said Mayes filed his bill in equity against the widow and administratrix of said Garth, and against said Isaac N. Owen as the holder and owner of the first note, alleging the non-payment of the notes, the transfer of the first note to said Owen, and asking that the lands be sold in payment and satisfaction of the two notes. The bill alleged, by mistake, that Mayes had never executed a conveyance of the lands to said Garth, but had retained the legal title in himself, and had given a bond for titles to be made on the payment of the purchase-money ; and the heirs of Garth were not made parties to the suit. At the May term of the court, 1868, a decree was rendered in favor of the complainant, ascertaining that the amount due him, principal and interest, on the note which he had retained, was $3,258.23 ; and ordering a sale of the lands by the register, unless this amount should be paid by the administratrix within ninety days. The lands were sold by the register, under this decree, in September, 1868 ; said Mayes becoming the purchaser, at the price of $100, and afterwards receiving a deed from the register, on the confirmation of the sale by the court.

The estate of said Garth was reported insolvent by the administratrix, and was so declared by the Probate Court on the 17th August, 1868 ; and a copy of said decree in chancery, duly verified by affidavit, was filed as a claim against the estate, as the dates are copied in the transcript, on the 12th May, 1869. (It is said in the brief of appellees' counsel, that this is a mistake, and that the claim was in fact filed on the 20th August ; and reference is made to an agreement, which does not appear in the record, that the error may be corrected.) Mayes entered into possession of the land under his purchase, and, in December, 1868, sold and conveyed it to Mrs. Martha Owen, who was his daughter, and put her in possession ; and she purchased the other note from said Isaac N. Owen, about the same time. In November, 1872, Mrs. Garth having married said W. S. Bankhead, they, as the personal representatives of said Garth, with his infant heirs, filed their petition in said chancery cause, which was by amendment converted into a bill, seeking to set aside the sale and purchase of the lands under the decree in favor of Mayes ; alleging the inadequacy of the price, the filing of the decree as a claim against Garth's estate, and the fact that the heirs were not parties. In answer to this petition, or bill, Mayes filed a disclaimer, alleging his sale and conveyance, with covenants of warranty, to Mrs. Owen ; and he having

[Owen v. Bankhead.]

afterwards died, the cause was revived against E. P. Shackelford as his administrator. An answer was also filed by Mrs. Owen and her husband, demurring to the bill, for want of equity, and claiming protection as purchasers. The cause being submitted for decree on pleadings and proof, the chancellor dismissed the bill for want of equity, but without prejudice; this decree being rendered on the 9th February, 1874. The heirs then brought an action of ejectment for the land, and recovered a judgment in 1876. Mrs. Owen then filed a bill in equity, as the assignee of the note transferred to her by said Isaac N. Owen, asserting a vendor's lien on the land for its payment; but, on appeal to this court, her bill was dismissed. *Bankhead v. Owen*, 60 Ala. 457–68.

On these facts, as alleged in the bill and shown by the exhibits, the bill prayed that an account be taken to ascertain the amount of purchase-money still due and unpaid, and that the lands be sold for the payment of the amount as ascertained; " or, if complainants have mistaken the relief to which they are entitled, that the court will decree that the said heirs of said George M. Garth have no interest, as against complainants, in and to said lands, and that the said sale by the register in chancery may be held good as against said heirs; or, if complainants are mistaken in the specific relief herein asked," then for other and further relief under the general prayer.

A joint answer to the bill was filed by Bankhead and wife, in which they incorporated a demurrer, assigning the following as grounds of demurrer: 1st, "there is a misjoinder of complainants, because the bill shows that Mrs. M. H. Owen has no interest in the subject-matter of the suit;" 2d, "there is a misjoinder of complainants as to said E. P. Shackelford as administrator of said Mayes, because the bill shows that the cause of action in this suit has been adjudicated in said suit of Mayes against said Catherine, as the administratrix of said Garth's estate, and said Isaac N. Owen, and that the decree of this court in that suit is *res adjudicata*, and a bar to any relief in this suit;" 3d, " the bill shows that the vendor's lien sought to be enforced was waived, abandoned and lost by said Mayes on 16th December, 1872."

The chancellor overruled the demurrer, on the grounds specifically assigned, but nevertheless dismissed the bill, on the ground that there was a misjoinder of complainants; and his decree is now assigned as error.

WATTS & SON, and JOHN PHELAN, for appellants.—(1.) There is no misjoinder of complainants.—*Gunter v. Williams*, 40 Ala. 561; *Hitchcock v. U. S. Bank*, 7 Ala. 386; *Blackwell v. Blackwell*, 33 Ala. 57; *Blevins v. Buck*, 26 Ala. 292; *Lanier*

10

*v. Hill*, 25 Ala. 554; *Hair v. Avery*, 28 Ala. 267; *Gerald v. McKenzie*, 27 Ala. 166; *Gannard v. Eslava*, 20 Ala. 732; *Plowman v. Riddle*, 14 Ala. 169; *Auerbach v. Pritchett*, 58 Ala. 451. (2.) Mayes certainly had a vendor's lien on the land, as against Garth, his widow, and his heirs.—*Hightower v. Rigsby*, 56 Ala. 126; *Simpson v. McAllister*, 56 Ala. 28; *Buford v. McCormick*, 57 Ala. 428; *Bankhead v. Owen*, 60 Ala. 457. This lien has never been satisfied; and it must still exist, unless it has been waived, abandoned, or forfeited. (3.) The proceedings in the former suit were fruitless, because the heirs of Garth, in whom the legal title was vested, were not parties to the suit; and the decree was, as to them, a nullity. *Hunt v. Acre*, 28 Ala. 580. The legal title is yet in them, but they can not claim to be purchasers for value. The decree obtained in that suit has been regularly filed as a claim against Garth's insolvent estate.—*Thornton v. Moore*, 61 Ala. 347. The validity of the decree being thus preserved, and the estate of Mayes being liable under his covenants of warranty to Mrs. Owen, she is entitled to enforce the lien against the heirs, without regard to the transfer of the note by Isaac N. Owen.

CABANISS & WARD, *contra.* --(1.) Mrs. Owen and the personal representative of the estate of Mayes can not, with propriety, unite as complainants in this suit, since any theory of the case which sustains the right of either one of them to relief necessarily excludes the right of the other. If the bill is to enforce the vendor's lien for the unpaid purchase-money, the administrator of Mayes is the only proper complainant, being the owner and holder of the unpaid note; and if to enforce an equitable estoppel against Garth's heirs, Mrs. Owen is the only proper complainant. If the bill is to be regarded as filed in a double aspect, the two aspects are inconsistent and repugnant.—*Ashurst v. Micou*, 55 Ala. 607. Mrs. Owen's right to relief is based on the breach of the covenants of warranty contained in Mayes' deed to her, for which she has an adequate remedy at law; and a court of equity has no jurisdiction to apply the assets of his estate in discharge of this liability.— *Hill v. Armistead*, 56 Ala. 118. (2.) The decree in the suit of Mayes against the widow and administratrix of Garth is conclusive as a bar in this case. By that suit and decree, Mayes split his cause of action, and he can not now (nor can his administrator) sue for the residue; else he might maintain a separate suit against the widow and each of the heirs, though there were twenty, and obtain a decree in each case for the balance of the debt after exhausting his lien.—1 Brick. Digest, 26, § 89; 2 *Ib.* 145, § 203. (3.) Mayes waived his lien on the land—1st, by claiming the benefit of the decree for the balance

[Owen v. Bankhead.]

of his debt, after applying net proceeds of sale, as a claim against the insolvent estate of his debtor; 2d, by his disclaimer of record, in answer to the petition to set aside the sale; 3d, by electing to claim the benefits of his decree and purchase, under which he entered into possession, and received the rents and profits of the land for eight years. His decree was for $3,258.23, bearing interest, and was for the balance of his debt after exhausting his lien on the land (Code, § 3908); and claiming the benefit of this decree, he is estopped from denying that his lien is extinguished. (4.) The claim is barred by the statute of non-claim. The unpaid note has never been filed as a claim against Garth's insolvent estate, and the chancery decree was not filed until after the expiration of the time allowed by law. *Halfman v. Ellison*, 51 Ala. 243; *Watson v. Rose*, 51 Ala. 292; *Sharp v. Herrin*, 32 Ala. 502; *Bell v. Andrews*, 34 Ala. 538; *Owen v. Corbitt*, 57 Ala. 92. If the decree was filed in time, it would not help the complainants, since it is only for the balance of the debt after extinguishment of the lien, and is conclusive as to the extinguishment of the lien.

SOMERVILLE, J.—It is not contended that a vendor's lien on the land in controversy did not exist in favor of Mayes, the original owner, after the sale made by him to Garth, on the 3d December, 1859. This lien certainly existed without any specific agreement, as an incident to the contract of sale, and was enforceable, not only against the vendee, but all others who were not purchasers for value without notice, unless it had in some way been lost by waiver or abandonment.

It is our opinion that this lien was not waived, or abandoned, by the unsuccessful attempt to enforce it in the chancery suit commenced in April, 1867. The legal title of the land was at this time vested in the heirs of George M. Garth, the vendee, he having died since the sale. By some oversight, or otherwise, they were not made parties to this proceeding. The only parties defendant were the widow of Garth, who was also his personal representative, and one Isaac Owen, who was assignee of one of the notes for the purchase-money. The legal title of the land, therefore, was not before the court, no one being made a party who had any ownership in it. The widow's only interest was a right of dower, which, without actual assignment, was no estate in the land, either legal or equitable, but a mere right action, not the subject either of sale or transfer, but only of release to the terre-tenant by way of extinguishment.—*Saltmarsh v. Smith*, 32 Ala. 404; 1 Brick. Dig. p. 615, § 42. The decree of the Chancery Court, seeking to condemn the land to the payment of the purchase-money, was, for this reason, unavailing. It reached no interest in the land which was the sub-

ject of condemnation or sale. When Mayes purchased under the decree, therefore, he obtained no title to this land whatever. The whole proceeding was entirely void as against the heirs, who were no parties to it in any way. As to them, the attempted condemnation, sale and purchase of the lands, were as if they had never been—an absolute legal nullity.—*Hunt v. Acre*, 28 Ala. 580. The whole question of waiver is one of fact, or legal intention deducible from ascertained facts ; and if this intention remains in doubt, the vendor's lien must be held to attach.—2 Story's Eq. § 1224 ; *Tedder v. Steele*, 70 Ala. 347. We can perceive no reason why the inadvertent omission of material parties to a suit, who are the exclusive owners of the title of land sought to be subjected, should be construed into an intentional waiver of a valuable right against them, when the proceeding does not bind them, and is as to them a nullity. It does not present the case of an attempt to subject a fractional part of the entire land. It is an abortive attempt to subject the whole, rendered unsuccessful by a mistaken omission of necessary parties.

The note having been reduced to judgment, by the rendition of the decree in favor of Mayes against the administrator of Garth, it was legally merged in said judgment ; and the filing, therefore, of a transcript of the judgment against Garth's insolvent estate, was clearly sufficient. The record shows that this was done within the time required by statute.—*Thornton v. Moore*, 61 Ala. 347.

There does not seem to us to be any misjoinder of parties complainant to the present bill, as the chancellor has adjudged to exist in his opinion and decree. The two parties who unite as complainants are Shackelford, the administrator of Mayes, and Mrs. Martha Owen, who purchased these lands from Mayes in his life-time by a deed warranting the title. The legal effect of this conveyance was to pass to Mrs. Owen, as vendee, not only any interest which the vendor had at that time in the lands, but also any title which he might afterwards acquire, whether by enforcement of his vendor's lien in the suit or otherwise. *Chapman v. Abrahams*, 61 Ala. 108. It is shown by the record that Mrs. Owen had been ejected from these lands by the heirs of Garth, in an action at law. This was a breach of the warranty, operating to create a liability upon Mayes and his administrator. The vendor, therefore, had an interest in the enforcement of a lien, which was superior to the title of the heirs, and his estate might sustain injury if it remained unpaid. The liability over, created by the warranty, is held to be the vital principle which preserves from forfeiture a vendor's lien, where a note for the purchase-money of land has been assigned by indorsement by the holder, and through which is worked out

[Caldwell v. King.]

the equity of the assignee's subrogation to the original rights of the assignor.—*Preston & Co. v. Ellington*, 74 Ala. 133. The legal title of the decree, or the note, as we may choose to consider it in reference to the heirs, is in Shackelford, as administrator, but the fruits of the vendor's lien enure to the benefit of his co-complainant, Mrs. Owen. The practice, in such cases, is to allow a joinder of the trustee of the legal title and the beneficiary as co-complainants in the same suit, where there is no conflict between their interests.—*Gunter v. Williams*, 40 Ala. 561; *Sawyer v. Baker*, 72 Ala. 49; *Pitts v. Powledge*, 56 Ala. 147; *Blevins v. Buck*, 26 Ala. 292.

The decree is reversed, and the cause remanded, that a decree may be rendered in accordance with the principles announced in this opinion.

CLOPTON, J. not sitting, having been of counsel.