# Carroll *v.* Shapard.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Waiver of vendor's lien.*—On a sale of lands, the purchaser having executed and delivered his two notes for the agreed price, and re-sold one-half of the land at an increased price, he and the sub-purchaser executed and delivered to the vendor their joint note, payable on the same day the last of the original purchaser's notes matured; and the

[Carroll v. Shapard.]

vendor thereupon executed and delivered to each of them a deed for one-half of the land, and a receipt for their joint note, reciting therein that it was held as collateral security for the original notes, which were retained by him, and was to be sold by him, if default should be made in their payment, and the money applied to their payment and satisfaction, the balance, if any, to be paid over to the purchaser; and all these papers were dated and executed on the same day. *Held*, that these facts showed a waiver of the vendor's lien.

APPEAL from the Chancery Court of Lee.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 28th March, 1882, by W. B. Shapard, against C. A. Carroll and J. E. Williamson; and sought to enforce a vendor's lien for the unpaid purchase-money of land. The chancellor overruled a demurrer to the bill, and, on final hearing on pleadings and proof, rendered a decree for the complainant; and each of these decrees is now assigned as error. The opinion states the material facts.

JOHN M. CHILTON, and GEO. P. HARRISON, Jr., for appellants, cited *Donegan v. Hentz*, 70 Ala. 439 ; *Walker v. Struve*, 70 Ala. 167; *Walker v. Carroll*, 65 Ala. 61.

WM. H. BARNES, and WATTS & SON, *contra*.

STONE, C. J.—Everything in this record—the pleadings, the documentary proofs, and the oral testimony—all concur in the assertion, that the lands in controversy were sold by Shapard to Carroll at the agreed price of eleven hundred dollars, divided into two payments. Not a word is anywhere said of a change or modification of the terms of sale, by which Carroll and Williamson were substituted as the purchasers; and, as evidence that this contract was never abandoned, Shapard accepted the two notes of Carroll, each for five hundred and fifty dollars, and still holds them. The present suit—an attempt to enforce a vendor's lien—is founded on these notes, and seeks to have the lands sold for their payment. It claims no greater sum than the two notes, and interest upon them.

The bill avers, it is true, that Carroll sold a half interest in the lands to Williamson, and that he, Shapard, made title to Carroll and Williamson, conveying the lands to them. The price at which Carroll sold to Williamson is nowhere averred or shown. The averment of the bill bearing on this question is as follows: "And at the same date, the said C. A. Carroll sold one-half of the land to J. E. Williamson, and the said J. E. Williamson and C. A. Carroll made their promissory note, bearing date the 10th day of November, 1880, for the sum of twenty-one hundred and sixty dollars, due the 1st day

[Carroll v. Shapard.]

of January, 1882, for the same land; which, it was understood by the said C. A. Carroll and your orator, was to be held by your orator as collateral security of said two first notes; and your orator gave to said Carroll a written statement to that effect." That written statement is in the record, and is in the following language: "Received of C. A. Carroll one note of twenty-one hundred and sixty dollars, signed by himself and J. E. Williamson, as collateral security to secure two notes signed by himself; one for five hundred and fifty dollars, due January 1, 1881; and one for five hundred and fifty dollars, due January 1, 1882, with eight per cent. interest. If the last-named notes are paid at maturity, then I am to turn over the first-named note of twenty-one hundred and sixty dollars to said Carroll. If not, I am to sell the first-named note at best price I can, pay the two last notes out of proceeds, and turn balance over to said Carroll." Signed, "W. B. SHAPARD."

All these writings—the deed from Shapard to Carroll and Williamson, the two notes made by Carroll individually, the note of Carroll and Williamson, and Shapard's receipt and obligation copied above—bear the same date, November 10, 1880, and appear to have been executed at one and the same time. The writings must all be construed together, as explanatory of, and constituting one transaction. Certain noteworthy features are observable: The two notes of Carroll are payable in installments, a year apart. Carroll and Williamson's note is payable *in solido*, on the day Carroll's last note matures. Shapard sold for eleven hundred dollars, and can and does claim only that sum. Williamson bought at we know not what price, but certainly at a considerable advance on Carroll's purchase. This advanced price Shapard can not and does not claim, for it was no part of the terms of his contract of sale. Shapard, in his agreement with Carroll, reserves the right, not to enforce the larger note against the land, but to sell the note, if Carroll made default in the payment of his notes; and he bound himself, in that event, to repay to Carroll any *residuum* that might be left over, after satisfying Carroll's two notes of eleven hundred dollars. Both the averments and the proof in this case force us to the conclusion, that Carroll alone purchased from Shapard; and they repel all inference that the relation of vendor and purchaser ever did exist between Shapard and Williamson. The deed from Shapard to Williamson was a matter of conventional arrangement, to avoid circuity of conveyance, and can not change the stubborn facts, so prominently presented throughout this whole record.

When Shapard sold, he conveyed the title, and took independent, outside security. This, *prima facie*, was a waiver of all lien on the land for the purchase-money; and there is no-

[Watson v. Steele.]

testimony in this record to overturn the presumption.— *Walker v. Carroll*, 65 Ala. 61; *Donegan v. Hentz*, 70 Ala. 437.

The decree of the chancellor is reversed, and a decree here rendered dismissing complainant's bill. Let the costs of the suit, and the costs of the appeal, both in the court below and in this court, be paid by the appellee.