# Crampton *v.* Prince.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Vendor's lien; when title is taken in name of third person.*—On a sale of lands, if the purchaser gives his note for the unpaid balance of purchase-money, but the title is taken, at his instance, in the name of a third person, who advanced the money to make the cash payment, executing a conveyance to the purchaser, and taking a mortgage to secure the repayment of the money so advanced; the lien of the original vendor is not thereby waived or extinguished, but may be enforced against the land, after the mortgage has been satisfied.

2. *Same; as against married woman.*—When a married woman purchases land, her husband acting as her agent, and, by her authority, signing her name to a promissory note given for the unpaid balance of purchase-money, her coverture is no defense to a bill in equity to enforce a lien on the land, though she could not be sued at law on the note.

3. *Abatement of purchase-money, on account of deficiency in quantity of land; monuments, courses and distances in conveyance.*—The purchaser can not claim an abatement of the purchase-money, because the lot is a few feet less in depth than stated in the deed, when it appears that the property was sold at a gross price, that no representations as to quantity or area were made, and that the boundaries were well known, definitely marked, and correctly described; the settled rule applying, that monuments, whether natural objects or artificial marks, dominate courses and distances, in describing boundaries.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 3d August, 1886, by Mrs. Gertrude L. Prince, against Mrs. C. LaT. Crampton, her husband, O. L. Crampton, and F. A. Luling; and sought to enforce a vendor's lien on certain real estate in the city of Mobile, for a balance of purchase-money due and unpaid, as evidenced by Mrs. Crampton's promissory note for $150. The note was given on the 13th August, 1885, and made payable to Mrs. Prince, or order, on the 1st February next

after date; but, by mistake, the year 1880 was written instead of 1885; and it was signed, "*C. LaT. Crampton, per* O. L. Crampton, agent." The agreed price was $7,000, of which amount, as the bill alleged, $4,000 was advanced to or for Mrs. Crampton by F. A. Luling, to whom a conveyance was executed by Mrs. Prince; and said Luling then conveyed to Mrs. Crampton, taking a mortgage on the property from her and her husband to secure the amount so advanced. Mrs. Prince's deed to Luling, and Luling's deed to Mrs. Crampton, were made exhibits to the bill; each being dated August 13th, 1885, and reciting the payment of $7,000 as its consideration. Luling's mortgage was paid and satisfied, and no question is here raised in reference to it.

The property conveyed consisted of three lots in the city of Mobile, which adjoined each other, and were thus described in the deed to Mrs. Crampton: "All those certain lots of land in the port of Mobile, State of Alabama, described as follows: Situated on the east side of Conception street, between St. Louis and St. Michael streets, bounded west by Conception street, north by lot formerly owned by Dr. W. Davis, east by lot now or late of Sylvester Andre, south by lot late of Vance Johnson; having a front on Conception street of thirty (30) feet, and a depth of one hundred and twenty (120) feet. *Also*, that other lot of land north of and adjoining the lot last described, having a front on Conception street of fifteen (15) feet and five (5) inches, and running back eastwardly one hundred and nineteen (119) feet and eight (8) inches; bounded west by Conception street, north by land conveyed by said Davis to A. Brooks, on the east by land of W. L. Truwit, and on the south by land above described. *Also*, that other piece or parcel of land on the east side of Conception street, between St. Louis and St. Michael streets, having a front on Conception street fifty-seven (57) feet and six (6) inches, and extending eastwardly one hundred and twenty-seven (127) feet for a depth; bounded west by Conception street, north by lands herein described, east by lands now or late of Truwit & Brooks, and south by lands now or late of Henry A. Hern." The deed from Mrs. Prince to Luling contained the same description, in almost the same language.

Mrs. Crampton filed a demurrer to the bill for want of equity, because it showed that she had bought the land from Luling, and not from Mrs. Prince, and that the vendor's lien was waived by the acceptance of her note for the unpaid

[Crampton v. Prince.]

balance due by Luling; and in her answer she set up the same defense, denying that she had bought from Mrs. Prince, and asserting that she had bought from Luling, and that he had waived his vendor's lien for the balance of purchase-money due by the note, having taken a mortgage for all the debt except that balance. She also claimed an abatement ·of the purchase-money to the extent of the balance unpaid, on account of an alleged deficiency in the quantity of land contained in one of the lots; the third lot, as above described, being only one hundred and twenty-one (21) feet and six (6) inches in depth, instead of one hundred and twenty-seven (127) feet as described in the deeds.

The chancellor overruled the demurrer, and, on final hearing on pleadings and proof, rendered a decree for the complainant; and his decree is here assigned as error.

F. G. BROMBERG, for the appellant.—(1.) The facts disprove the reservation of any vendor's lien, as against Mrs. Crampton. There was in fact a sale by Mrs. Prince to Luling, and then a sale and conveyance by Luling to Mrs. Crampton. On the sale to Luling, the acceptance of Mrs. Crampton's note for a part of the price, she being a third person, was a waiver of the vendor's lien; and on the sale by Luling to Mrs. Crampton, the taking of a mortgage for all the rest of his debt excludes the idea of a vendor's lien for the small balance.—*Foster v. Athenæum*, 3 Ala. 306; *Kyle v. Bellenger*, 79 Ala. 520; *Brown v. Gilman*, 4 Wheat. 290; *Dudley v. Dickson*, 14 N. J. Eq. 252. (2.) The defendant was entitled to an abatement of the purchase-money, on account of the deficiency in the quantity of land. 3 Washb. Real Property, 343, 348,* 631; *Couse v. Boyles*, 4 N. J. Eq. 212; *Guilmartin v. Wood*, 76 Ala. 210; *Benedict v. Gaylord*, 11 Conn. 332. That this defense is good against Mrs. Prince, see *Hooper v. Armstrong*, 69 Ala. 343.

G. L. & H. T. SMITH, contra, cited *Young v. Hawkins*, 74 Ala. 373; *Carver v. Eads*, 65 Ala. 190; *Pylant v. Reeves*, 53 Ala. 132; *Wright v. Wright*, 34 Ala. 196; *Winston v. Browning*, 61 Ala. 82; *Rogers v. Peebles*, 72 Ala. 529; *Morris v. Emmett*, 9 Paige, 168; 99 Mass. 231; *Dozier v. Duffee*, 1 Ala. 320.

SOMERVILLE, J.—1. The bill alleges, and the proof shows, that the land in controversy was negotiated for, and

[Crampton v. Prince.]

in truth and fact purchased by the appellant, Mrs. Crampton, through the agency of her husband, who, in her name, and by her authority, executed the note described in the bill, which is claimed to constitute a vendor's lien on the land. The legal title was conveyed by the owner, Mrs. Prince, to Luling, at the request of Mrs. Crampton, and for her convenience. There is nothing in the record to support the assertion, that Luling was the original purchaser from the complainant. Where an oral negotiation. is thus made by a purchaser of land, and by his request, or permission, the legal title is made to another person, the vendor's lien for the unpaid purchase-money attaches, without any special agreement for its retention, and follows the land in the hands of the grantee, who is bound by this special equity affecting it as a charge, of which he may have notice.—*Pylant v. Reeves*, 53 Ala. 132; *Moore v. Worthy*, 56 Ala. 163; *Sims v. National Com. Bank*, 73 Ala. 248.

The vendor's lien exists, therefore, unless it is shown to have been waived or abandoned by some act of the complainant; and the burden of proving such waiver is cast on the defendants who assert it as a fact.—*Owen v. Bankhead*, 76 Ala. 143. No fact is shown by the record, indicating such intention on the complainant's part. The dealings between Luling and Mrs. Crampton, whatever may have been their effect as between themselves, could not affect the rights of the complainant in this case, Luling himself setting up no priority of lien on the land—his mortgage debt having been satisfied.

2. The coverture of Mrs. Crampton, while it may have been a complete defense to an action against her at law on her note, was no answer to a suit in equity to enforce a vendor's lien against the land sold by the complainant. It is as unconscionable for a married woman to. get the land of another, and keep it without paying the purchase-money, as for one *sui juris* to do the same thing.—*Carver v. Eads*, 65 Ala. 190; *Pylant v. Reeves*, 53 Ala. 132.

3. Under the facts of this case, the defendant had no right to abate the amount of the purchase-money on account of the alleged deficiency of the land described in the deed. This supposed deficiency arises from the fact, that the lot sold lacks about five feet of being as deep as stated in the deed from complainant to. Luling. The error, therefore, is one of estimated distances in measurement. The testimony shows very clearly, that the complainant owned and occupied

[Crampton v. Prince.]

what was known as "the Ingersoll property;" that no representations were made as to its area; that it was sold in gross, and not by the foot; and that the extra five feet claimed by the purchaser was no part of the property.  The important fact is shown, moreover, that the lot in controversy was bounded on three sides by a brick wall, and on the remaining side by an iron fence, all of which was patent to ordinary observation, and known to the purchaser.  The deed described it as bounded on the east side by Conception street, and on the other three sides by other lots of land which are definitely described.  The settled rule in the description of boundaries to land is, that monuments, whether natural objects or artificial marks, are allowed to dominate courses and distances given in deeds.—1 Greenl. Ev. (14th Ed.) § 301, p. 392, n. 2.  For this reason, abutting lands, when definitely described, control courses and distances, especially where they are not actually marked off, but are arrived at by estimation.—3 Wash. Real Prop., 5th Ed., pp. 427-434; *Younkin v. Cowan*, 34 Penn. St. 198; *White v. Williams*, 48 N. Y. 344.  The reason of the rule is that where there is a discrepancy between two descriptions, the one will be adopted as to which there is least liability of mistake,—*Miller v. Cherry*, 3 Jones Eq. 29.  Rejecting the description which is most apt to be erroneous, the law regards it as a mere misdescription, and not as a warranty of the quantity of land intended to be conveyed.—*Rogers v. Peebles*, 72 Ala. 529; *Wright v. Wright*, 34 Ala. 190; 3 Wash. Real Prop. 430-431.

Under the foregoing principles, the demurrer to the bill was properly overruled by the Chancellor.

The other assignments of error do not reach the merits of the case, and need not be considered.

The decree rendered is free from error, and must be affirmed.