# Davis *v.* Smith.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Parties to bill by assignee of note.*—The transfer of a note given for the purchase-money of land, by delivery merely, "passes to the transferree the lien of the vendor on the lands" (Code, § 1764); but, the legal title to the note still remaining in the transferror, he is a necessary party to a bill which seeks to enforce the vendor's lien.

2. *Vendor's lien; taking husband's note for unpaid purchase-money, and making title to wife.*—On a purchase of lands by the husband, whether acting in his own name, or as agent of his wife, taking the title in her name, and using her moneys in making the cash payment, the acceptance of his note for the unpaid portion of the purchase-money is not a waiver of the vendor's lien.

3. *Averment of readiness and ability to convey.*—In a bill which seeks to enforce a vendor's lien on land, an averment of the complainant's ability and readiness to convey is not necessary, unless it appears that the contract was executory, and that the payment of the purchase-money was to be contemporaneous with the execution of a conveyance, or subsequent thereto.

[Davis v. Smith.]

APPEAL from the Chancery Court of Cherokee.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 25th October, 1886, by J. I. Smith against James I. Davis, and sought to enforce a vendor's lien on land for unpaid purchase-money. According to the allegations of the bill, the land was sold to the defendant, on November 16th, 1880, by Morrison & Marable, and he executed to them his note for the balance of purchase-money unpaid; which note, it was alleged, was transferred by them, for valuable consideration, to the complainant. The bill did not allege whether or not a conveyance had been executed by the vendors to the purchaser. The defendant demurred to the bill, "because it does not show . that a deed was ever executed to this defendant, nor aver complainant's readiness and ability to convey on payment of said note," and because complainant's assignors were not made parties to the bill; which demurrers were overruled by the chancellor. The defendant afterwards filed an answer, denying that he had bought the lands, and alleging that the purchase was made by and in the name of his wife, part of the purchase-money paid by her, and a conveyance executed to her by the vendors; and he insisted, she being dead, that her heirs at law were necessary parties to the bill. An amended bill was then filed, bringing in the heirs as parties; and a formal answer was filed for them by their guardian *ad litem.*

On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant; and his decree is now assigned as error, with the overruling of the demurrers to the bill.

BURNETT & SMYER, for appellants, cited *Linn v. Mc-Lean,* 80 Ala. 360; *Bank v. Willis,* 5 Ala. 770; *Long v. Wilkinson,* 57 Ala. 259; *Kyle v. Bellenger,* 79 Ala. 516; *Walker v. Struve,* 70 Ala. 173; *Woodall v. Kelly,* 85 Ala. 373.

WALDEN & SON, *contra.*

SOMERVILLE, J.—The bill seeks to enforce a vendor's lien on land for the unpaid purchase-money, and is filed by a transferree of the note who holds it by *delivery* only, and not by written assignment.

1. Prior to the act of February 12th, 1879 (Acts 1878-79, p. 171), which is now codified in section 1764 of the present Code (1886), such a transfer did not carry with it the ven-

[Davis v. Smith.]

dor's lien, nor authorize its enforcement in the name of the holder. It required a written transfer, or assignment, to carry such lien, and one in such form as not to exclude the liability of the vendee for its ultimate payment. And an indorsement "without recourse" on the transferror was a waiver of the lien, and conferred no right to it.—*Prickett v. Sibert*, 71 Ala. 194; *Bankhead v. Owen*, 60 Ala. 457; 3 Brick. Dig. 615, § 90, and cases cited.

To correct this supposed defect in the law, the act above cited was passed, and now appears in the Code in the following language: "The transfer of a bond, bill or note, given for the purchase-money of lands, whether the transfer be by delivery merely or in writing, expressed to be with or without recourse on the transferror, *passes to the transferree the lien* of the vendor on the lands."—Code, 1886, § 1764.

It is perfectly obvious, that the effect of the statute is to pass only the vendor's *lien* and nothing more, to the transferree, in the cases provided by its terms. It does not in any manner purport to affect the *title* of the bond, bill or note, of which the vendor's lien is a mere incident. A verbal transfer of such an instrument, or one by delivery merely, passes to the transferree only the *equitable*, and not the *legal* title. The rule, therefore, requiring the transferror by delivery only, of a note given for the purchase-money of land, to be made a party to a bill seeking to enforce the vendor's lien, is not changed by the new statute. The legal title being in him, he is a necessary party to the suit, in order that he may be bound by the decree, and further litigation be prevented.—*Broughton v. Mitchell*, 64 Ala. 210; *Owen v. Bankhead*, 76 Ala. 143. With his consent, he may be joined as complainant with the transferree, or, at the election of the latter, be made a party defendant.—3 Brick. Dig. 369, §§ 20-22.

The payees of the purchase-money note, Morrison & Marable, as holders of the legal title, were necessary parties to this suit. For the failure to bring them before the court, the decree must be reversed.

2. The purchase of the land being made by Davis, the husband, and his note being executed for the unpaid portion of the purchase-money, the vendor's lien on the land was not waived or lost by reason of the fact that the conveyance of the land was made to the wife, nor because the husband used some of her money in making the first payment. Whether Davis, moreover, acted in his own behalf, or as

[Stone & Gambrell v. Waite & Co.]

agent of his wife, the taking of his note by the vendor, instead of the note of one not *sui juris*, would not, according to the more just and reasonable view, be interpreted into an intention to rely exclusively upon the personal credit of the husband, as maker of the note, to the exclusion of the vendor's lien.—*Crampton v. Prince*, 83 Ala. 246; 3 Amer. St. Rep. 718; *Pylant v. Reeves*, 53 Ala. 132; *Carver v. Eads*, 65 Ala. 190; *Jackson v. Stanley*, 87 Ala. 270; 6 South. Rep. 193.

3. Under the facts stated in the bill, it was not necessary for the complainant to aver the ability and readiness of the vendors to make title to the land, there being nothing from which it could be inferred—even if the contract were executory—that the purchase-money was not to become due and payable until a deed of conveyance was made. Such an averment is necessary to give equity to a bill seeking to enforce a vendor's lien, only where the payment of the purchase-money is to be contemporaneous with, or subsequent to a conveyance.—*Munford v. Pearce*, 70 Ala. 452; *Burkett v. Munford*, *Ib*. 423; *Linn v. McLean*, 80 Ala. 360.

The other contentions of the appellant, in our judgment, are not well taken. We find no reversible error in the record, except the one above pointed out as to the question of parties.

Reversed and remanded.