# McLean v. Smith, Admr.

*Bill in equity to enforce vendors's lien.*

1.   *Vendor's lien; presumption in favor of lien; burden of proof.*—
Where the purchase money of land remains unpaid the law presumes
the existence of a vendor's lien, unless the terms of the contract, or
the attending circumstances furnish satisfactory evidence that the
parties did not intend that a lien should be reserved, and the burden
is upon him who asserts the waiver of the lien.

2.   *Compromise of existing suit, validity of.*—When a pending suit in
ejectment is compromised between the parties by the execution of a
quit claim deed from plaintiff to defendant for a certain sum agreed
to be paid, the defendant, in an action for the compromise price, in-
stituted by the plaintiff against him, can not show that his title to
the land at the time of the ejectment suit was perfect independent
of the quit claim deed.

APPEAL from Chancery Court of Elmore county.

Heard before Hon. S. K. McSPADDEN.

At the fall term 1885 of Elmore Circuit Court, Ella M.
Smith instituted an action in the nature of an action of
ejectment against W. S. McLean to recover forty acres

of land described in the complaint. After all the evidence was in, the suit was compromised between the parties. The plaintiff agreed to dismiss her suit and to execute to defendant a quit claim deed, and this was done. The consideration expressed in the deed was $300. This money was never paid. The present bill is filed to enforce a vendor's lien for said sum of $300.00. The appellee (complainant) introduced two witnesses whose evidence tended to show that the promise by McLean to pay the $300. was positive and unconditional, and without waiver of the vendor's lien. The appellant (defendant) introduced two witnesses whose evidence tended to show that McLean's promise to pay was dependent on the consummation by him of a pending sale of lands (including the tract in controversy) to one J. J. Linn, and that the payment was to be made only out of money that he might collect from Linn, and not otherwise; said witnesses further testified that it was expressly agreed by the terms of the compromise that no vendor's lien should be reserved. The complainant having died, the suit was revived in name of her administrator, Wm. Q. Smith.

The chancellor rendered a decree granting the relief prayed for, and ordered the sale of the land in case McLean failed within sixty days to pay the purchase money and interest. The defendant McLean appeals and assigns as error the chancellor's decree.

C. P. DeYAMPERT, for appellant.

J. A. HOLMES, for appellee.

PER CURIAM.—A pending litigation for the recovery of forty acres of land instituted by appellee, Smith, against appellant, McLean, was compromised and settled, the plaintiff executing a. quit claim deed to the defendant for which the purchaser agreed to pay three hundred dollars. The purchase money not having been paid, the present bill was filed to enforce the vendor's lien upon the land. The rule which prevails in this State is, that in the sale of land where the purchase money or any part remains unpaid, the law presumes the existence of a vendor's lien, unless the terms of the contract or the attending circumstances furnish satisfac-

[Reeves v. Abercrombie.]

tory evidence, that the parties did not intend to reserve the lien, and the burden is on him, who asserts the waiver or non-existence of the lien.—*Crampton v. Prince*, 83 Ala. 246; *Pylant v. Reeves*, 53 Ala. 132; *Carver v. Eads*, 65 Ala. 190.

But two witnesses were examined on each side; those for the respondent testifying that by the express terms of the agreement, there was to be no lien upon the land, while those for the complainant are to the effect that the vendor's lien should exist for the security of the purchase money. There is nothing in the record which in the slightest degree discredits any witness examined in the case. Applying the rule that the burden is on him who controverts the reservation of the lien, to show by satisfactory evidence its waiver, we must hold, that he has failed to discharge the burden, and that the lien exists.

It is insisted that the decree declaring the lien is too broad, in that it subjects the entire forty acres to the satisfaction of complainant's demand. Having purchased the plaintiff's title, and agreed to pay him three hundred dollars for it, the defendant will not be allowed to show in this action, that his title was superior to that of the vendor, and that he was the owner of the land independent of the quit-claim title acquired from complainant by the compromise and settlement of the ejectment suit. The plaintiff claimed and sold the entire interest in the forty acres of land, and this interest constitutes the consideration for the three hundred dollars, agreed to be paid for it. We find no error in the record and the decree of the chancery court is affirmed.

Affirmed.