# Chastain *v.* Hames.

*Bill to Enforce Vendor's Lien.*

1. *Vendor's lien; waiver of a matter of intention.*—Whether a grantor of land has waived the lien which ordinarily attaches for unpaid purchase money is a question depending upon his intention. The presumption is in favor of the existence of the lien unless the grantor has manifested an intention to waive or abandon it. Such intention may appear from express agreement or it may be inferred from attendant acts· or circumstances. Except as to those acquiring interests without notice, the lien is not affected by a mere recital of payment, though it appear in the deed.

2. *Same; when not waived by arbitration.*—Where the purchase money of land had not been fully paid and the vendee requested the vendor to make a deed to a third party, but he refused to do so until the purchase money was paid; and on a dispute between them as to the amount remaining unpaid it was submitted to arbitration to determine this question, the vendee giving to the vendor his personal obligation to abide the award; and the deed was delivered to the third party by determination of the arbitrators but the vendee failed to pay the amount of money awarded as still due of the purchase money, the lien for the purchase money was not waived.

3. *Demurrer to whole bill; what it does not raise.*—Where a bill is filed to enforce a vendor's lien on land and also to set aside the award of arbitrators a demurrer which goes to the whole bill does not raise the latter question.

APPEAL from Cullman Chancery Court.

Heard before Hon. W. H. SIMPSON.

Gasaway Hames brought this suit against A. B. Chastain and C. P. Lynch to enforce a vendor's lien on land. Hames sold the land to Chastain, who paid the purchase money in part only. Afterwards Chastain requested Hames to execute a deed to one Lynch. The deed was written and signed, but Hames refused to deliver it until the balance of the purchase money due him was paid. Some dispute arising about this balance, the parties

[Chastain v. Hames.]

agreed to submit and did submit the matter to arbitration. The submission was in writing and provided that either party not abiding by the award should pay to the other the sum of one hundred dollars as liquidated damages. The award required, among other things, that Chastain should pay a certain amount as balance on the purchase money of the land. Hames, on the promise of Chastain to pay this balance, delivered the deed to Lynch who had notice of the claim for unpaid purchase money. Chastain did not comply with his promise, and this suit is the result of his failure.

J. B. BROWN and ALVIN AHLRICHS for appellant. Complainant is estopped by the arbitration and deed to Lynch, as against him, to deny the validity of the award. *McRea v. Buck*, 2 Stew. 155; *Willingham v. Harral*, 36 Ala. 583; *Burns v. Taylor*, 25 Ala. 255.

(2). The lien is subject to waiver expressed or implied.—*Jackson v. Stanley*, 87 Ala. 273. And will be defeated if the vendor do any act manifesting an intention not to rely on the land for security.—*Fisher v. Shropshain*, 147 U. S. 133; *Hubbard v. Buck*, 98 Ala. 442. (3). The taking of a personal undertaking from the vendee accompanied with acts manifesting an intention to look to the vendee and not to the land will waive the lien. *McCarty v. Williams*, 69 Ala. 174; *Williams v. McCarty*, 74 Ala. 299; *Acton v. Waddington*, 46 N. J. Eq. 16.

(4). Arbitration waived the lien.—*McLaurin v. Thomas*, 39 Ill. 291; *First Nat. Bk. v. Thompson*, 57 Fed. Rep. 20. Other authorities cited.—*Burger v. Potter*, 32 Ill. 66; *Richard v. McPherson*, 74 Ind. 158; *Sherrer v. Agee*, 106 Ala. 148; *Kelley v. Karsner*, 81 Ala. 500; *Jenkins v. Matthews*, 80 Ala. 486; *Brewer v. Bain*, 60 Ala. 153; *Burns v. Hendricks*, 54 Ala. 78.

GEO. H. PARKER and W. G. BROWN, *contra*.

SHARPE, J.—Whether a grantor of land has waived the lien which ordinarily attaches for unpaid purchase money in a question depending upon his intention. The presumption is in favor of the existence of the lien unless the grantor has manifested an intention to waive

or abandon it. Such intention may appear from an express agreemnt or it may be inferred from attendant acts or circumstances. There are acts which are apparently inconsistent with the lien's retention and which when they exist, will show presumptively its waiver. The comon case is where the vendor takes other security, either on property or by a personal obligation whereon a third party becomes responsible. Usually the lien is not lost by taking the personal obligation of the vendee alone though it be such as to improve the vendor's remedy. Pom. Eq. 1250; *Sheppard v. Thompson,* 85 Ala. 611. And this is so where the deed is at the vendee's request made to a third party.—*Davis v. Smith,* 88 Ala. 596; *Moore v. Worthy,* 56 Ala. 163; *Crompton v. Prince,* 83 Ala. 246.

Except as to those acquiring interests without notice the lien is not affected by a mere recital of payment though it appear in the deed.—*Bankhead v. Owen,* 60 Ala. 457; *Foster v. Trustes of the Atheneum,* 3 Ala. 302; *Kelly v. Karsner,* 81 Ala. 500.

In having the arbitration with Chastain and taking his personal obligation to abide the award, the complainant did not acquire an independent security for his debt. Those acts and likewise the delivery of the deed to Lynch may indicate that complainant expected that payment of the award would follow and that resort to the enforcement of his lien would not be necessary but they do not show as a legal conclusion an abandonment of the lien. What particular weight should be given on final hearing to those acts as bearing on the complainant's intention respecting the lien it is not our province in this appeal to say; but without other facts than those appearing upon the face of the bill we hold that no presumption is raised that the complainant ever waived or abandoned his lien. The bill contains equity for the enforcement, of the lien which is its main purpose, and this whether the balance due as purchase money is to be ascertained from the contract of sale or from the award. The question of whether the bill shows grounds for setting aside the award, is not raised by the demurrer which goes to the whole bill and there is no demurrer to that part separately.

[Birmingham Railway & Electric Co. v. Franscomb.]

So far as here appears Lynch is a volunteer in the transaction holding the title which complainant had held, with notice of his equity and standing in no better position for defense than his co-defendant.—*Moore v. Worthy, supra.*

The decree will be affirmed at appellant's cost.