# Acree *et al. v.* Stone.

*Bill in Equity to enforce Vendor's Lien.*

1. *Bill to enforce vendor's lien; when lien not shown to have been waived.*—In a bill filed to enforce a vendor's lien, it was averred that certain specifically described lands were conveyed to the defendants upon the recited consideration "of love and affection and the sum of $600 cash in hand paid;" that the lands were sold under an agreement of sale with the father of the grantees named in said deed and one of the grantees who was not a minor; that the grantees were nieces and nephews of the grantor; that the land so conveyed was worth $2,000, and the grantor desired to make an advancement to the grantees therein to the extent of $1400; and that the other part of the purchase money amounting to $600 was to be paid to the grantor; that evidencing the $600 notes were given by the father of the grantees and the one of the grantees who was not a minor. _*Held*: that the vendor's lien to the extent of $600 was not lost by reason of the fact of the taking

[Acree *et al.* v. Stone.]

of the note signed by the father of the grantees and the one of the grantees who was not a minor.

2. *Same; proper parties to such bill.*—In such a case the legal title to the lands conveyed by the grantor being in the grantees who were children of one of the makers of the note, such grantees were proper parties defendant to the bill.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the HON. RICHARD B. KELLY.

The bill in this case was filed by the appellee, W. C. Stone as administrator of W. H. Stone, deceased, against the appellants. The bill alleges among other things that the said W. H. Stone in his life time conveyed to the appellants, W. C. Acree, J. B. Acree, S. E. Ramsey, O. T. Acree, T. C. Acree, W. H. Acree and K. B. Acree, certain lands therein described, the deed being set out in the bill of complaint, and seeks to enforce an alleged vendor's lien against the appellant on said lands in favor of said administrator. The bill avers that the complainant's intestate valued said land at two thousand dollars, and that he estimated that the interest of appellants, all of whom, except W. J. T. Acree, are alleged to be the nephews and nieces of said W. H. Stone, would be about the sum of fourteen hundred dollars, and that that part of the purchase price of said land was treated and considered as an advancement to the grantees in said deed and as in settlement of the interests which the said parties would be entitled to in the estate of the said W. H. Stone at the time of his death, and that six hundred dollars was the amount and value of said land over and above what was considered by the said W. H. Stone would be the interest of the grantees in his estate; it is further alleged that the grantees are the children of W. J. T. Acree and that at the time of the execution of said deed were all under the age of twenty-one years except W. C. Acree, and that to secure the unpaid balance of six hundred dollars named as part of the consideration for said deed W. J T. Acree and W. C. Acree gave their notes to the said W. H. Stone. The bill further avers that W. J. T. Acree is not a grantee in said deed and received no interest in said land by reason of the conveyance from the said W. H. Stone.

The defendants demurred to the bill, assigning in various ways the ground that the vendor had waived his lien by taking independent security. The defendants also moved to dismiss the bill for the want of equity. On the submission of the cause upon the demurrers to the bill and the motion to dismiss the bill for the want of equity, the chancellor rendered a decree overruling the demurrers and said motion. From this decree the defendants appeal and assign the rendition thereof as error.

JAMES W. STROTHER, for appellant.—To maintain a bill to enforce a vendor's lien there must be a debt to the complainant contracted in the purchase of the land, for which the defendant became at some time bound to pay. *Scheerer v. Agee*, 106 Ala. 150; *Kelley v. Karsnar*, 81 Ala. 500; *Thomason v. Cooper*, 57 Ala. 560. The taking of independent security for the purchase money or the taking of personal security on the purchase money note is a waiver of the vendor's lien.—*Jackson v. Stanley*, 87 Ala. 270; *Kenney v. Ensminger*, 94 Ala. 536.

No counsel marked as appearing for appellee.

ANDERSON, J.—This bill was filed to enforce a vendor's lien upon certain lands described in the bill of complaint. The bill avers that one W. H. Stone, complainant's intestate, was the uncle of all the respondents, except W. J. T. Acree who was the father of the others. That the said Stone on Sept. 9th, 1897, was old and desired to make an advancement to his nieces and nephews, all of whom were minors at that time except W. C. Acree, and executed to them a deed, which describes the land and recites the "consideration of love and affection and the sum of $600.00 cash in hand paid."

The bill avers that at the time the deed was made there was an agreement between his intestate and the father, and W. C. Acree, the only adult grantee, to the effect that the land was worth $2,000.00, $1,400.00 of which was to go as an advancement and the other $600.00 was to be paid to the grantor. That the $600.00 due is represented

by the several notes of W. J. T. and W. C. Acree. It will be observed that the father is not one of the grantees in the deed, and that the notes are only signed by him and W. C. Acree, the adult grantee.

"The lien which equity, on principles of natural justice, creates a security for the purchase price of land sold and conveyed, is the subject of waiver, express, or implied from the acts of the parties. Generally, the lien will be regarded as waived, if the grantor accepts any distinct and independent security, the authorities vary in the application of the rule to particular facts; and it would be difficult to formulate a general definition, specific, and yet comprehensive enough to include all acts which will operate to displace the lien. Ordinarily, this result is produced by the acceptance of the note or bond of a stranger, or of the grantee with personal security, or with a mortgage on other land, or a pledge of stock, or other personal property. There are cases, in which no one of several acts is, of itself, sufficient. In such cases, all the facts and circumstances should be considered, and if it appears that the vendor did not intend to look to the land, but to rely on a substituted independent security, or on the personal responsibility of the vendee, the presumption is rebutted, and the retention of the lien repelled.—*Walker v. Struve,* 70 Ala. 167; *Carroll v. Shapard,* 78 Ala. 358; *Stringfellow v. Ivie,* 73 Ala. 214; *Tedder v. Steele,* 70 Ala. 349; *Jackson v. Stanley,* 87 Ala. 273.

In the case at bar, judging from the averments of the bill, there was no waiver of the lien on the part of the grantor Stone, as it avers that the agreement of sale was made with the father, W. J. T. Acree and W. C. Acree and that their notes were taken for the amount the grantor was to get over and above what he wished to advance his nieces and nephews. The notes having been executed by W. J. T. Acree and W. C. Acree, the lien was not lost by reason of the fact that the conveyance of the land was made to the children of the said W. J. T. Acree. Whether the father acted in his own behalf or as agent for his children, the taking of his note instead of the grantees, would not, according to a more just

and reasonable view, be interpreted into an intention to rely exclusively upon the personal credit of the father and W. C. Acree, (one of the grantees,) as the makers of the notes, to the exclusion of the vendor's lien.—*Davis v. Smith*, 88 Ala. 596; *Crampton v. Prince*, 83 Ala. 246; 3 Am. St. Rep. 718; *Pylant v. Reeves*, 53 Ala. 132; *Carver v. Eads*, 65 Ala. 190; *Jackson v. Stanley*, 87 Ala. 270.

The legal title to the land being in the children, they are proper parties to the bill.

The decree of the chancellor overruling the motion to dismiss and the demurrer is affirmed.

Affirmed.

McCLELLAN, C. J., TYSON and SIMPSON, J.J., concurring.